Mario Pittobi, J.
In this proceeding pursuant to article 78 of the 'CPLR, the motions of the respondents to dismiss the petition are granted.
The petitioners, as members of the Board of Trustees of the Syosset Public Library of Central School District No. 2, Town of Oyster Bay, allege that the respondent Town Board of the Town of Oyster Bay was arbitrary or unreasonable in granting to the respondents, doing business as Autag Realty Co., permission to operate a gasoline filling station on property owned by them on the northwest corner of South Oyster Bay Road and the Long Island Expressway (North Service Road). The application for the permit was made on May 4, 1967, notice of the public hearing to be held on August 15, 1967 was published in two newspapers and posted in five public places, the public hearing was held on August 15, 1967, and a decision rendered on January 16, 1968. Between the date of the public hearing and the date of decision, a public referendum was held on December 6, 1967, at petitioners’ request, in Central School District No. 2 seeking authorization for the acquisition of land on the northeasterly corner of South Oyster Bay Road and the North Service Road of the Long Island Expressway as a site for the Syosset Public Library. The voters approved the acquisition, but neither on the date of the Town Board’s decision, January 16, 1968, nor on the date when this proceeding was commenced was the proposed library site owned by the petitioners.
To maintain an article 78 proceeding respecting the issuance of a special exception permit a petitioner must be ‘ ‘ aggrieved ’ ’ (Town Law, § 267, subd. 7). While the petitioners herein allege that they are aggrieved, the facts do not support the allegation. They do not own nor may they as Trustees of the Syosset Public Library own the proposed library site. It is the School District which will own the property (Education Law, § 255). As a nonowner of property the petitioners can show no special damage, which is required before the violation of a zoning ordinance may be the subject of an action for a declaratory judgment (Westchester Motels v. Village of Elmsford, 20 A D 2d 818), an action for an injunction (Cord Meyer Development Co. v. Bell Bay Drugs, 20 N Y 2d 211) or an article 78 proceeding (Matter of Lido Beach Civic Assn. v. Board of Zoning Appeals of Town of Hempstead, 13 A D 2d 1030).
As it does not appear that the petitioners are “ aggrieved” persons, it is unnecessary to consider any other question in connection with the issuance of the permit.