William G. Easton, J.
This is a motion by the defendants French Court Apartments, Inc. and Compar ato Construction Corp. for an order pursuant to paragraph 7 of subdivision (a) of CPLR 3211 to dismiss the complaint herein of the individual plaintiffs, Charles J. Normand and Gladys M. Normand, on the ground that the same does not state a cause of action in their favor, and further, to dismiss the third cause of action of the complaint with respect to all of the plaintiffs for the same reason. In substance, the complaint asks for injunctive relief against the two above-named defendants prohibiting them from collecting, disbursing and diverting storm waters and debris -onto the premises of the corporate plaintiff Charles J. Normand Builder, Inc. which abuts the premises of the defendant French Court Apartments, Inc. in the Town of Brighton, Monroe County, New York.
The complaint contains three causes of action, the first of which is .statutory, claiming a violation of the buiding construction ordinance and zoning ordinance of the defendant Town of Brighton; the second bases its claim on ordinary common-law liability for wrongfully and unlawfully causing storm water and debris to be collected and discharged upon the said corporate plaintiff’s premises; and the third and last cause of action is *1054 repetitive on the same facts bnt adds an allegation that the said corporate plaintiff was not guilty of contributory negligence, which of course would apply only to the second (or common-law) cause of action.
In the first place, it is difficult to .see how the personal plaintiffs, Charles J. and Gladys M. Normand (who are the sole stockholders of the corporate plaintiff) are aggrieved parties or have any cause of action against the defendants for doing damage to property which they do not own, even though they may be the sole stockholders of the corporation owning the affected premises. (Matter of Knott v. Town Bd. of Town of Oyster Bay, 57 Misc 2d 925.)
However, counsel for the plaintiffs refers to section 268 (subd. 2) of the Town Law which provides for the bringing of appropriate action by the town authorities to prevent ordinance violations and upon its failure to do so for a period of 10 days after written request by a resident taxpayer of the town .so to proceed (which notice admittedly was given) any three taxpayers of the town residing in the district wherein such violation exists, who are jointly or severally aggrieved by such violation, may institute such appropriate action in.like manner as such local officer, board or body of the town is authorized to do. It is argued that this provides the three plaintiffs with statutory authority to bring the action. However, this section 268 of the Town Law does not automatically make any taxpayer an aggrieved party nor does it create a statutory cause of action unless the parties are aggrieved by the violation. Furthermore, it has been held that this provision is not exclusive but rather provides an optional additional remedy for the enforcement of the ordinance by any one aggrieved person. (Armstrong v. Gibson & Cushman, 202 Misc. 399, app. dsmd. 280 App. Div. 939.) The section also requires that the three taxpayers must reside in the district wherein such violation exists. There is no indication that the two personal plaintiffs are such residents, and indeed, it is indicated otherwise. Hence, the defendants’ motion insofar as it asks for a dismissal of the complaint of the personal plaintiffs, Charles J. and Gladys M. Normand, is granted.^
As to the second part of the motion demanding a dismissal of the third cause of action as to all of the plaintiffs, it is denied since in reality it is not a cause of action but simply adds an allegation of freedom from contributory negligence which may or may not apply to the issues involved.