MAURICE W. METZLER and REGINA METZLER, Trading under the Firm Name and Style of MAURY SHOE COMPANY, Appellants, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent.

Second Department, June 21, 1918.

Appeal — appeal from orders supporting judgment — motion and order — condition that plaintiff file note of issue for Trial Term — substantial compliance — stipulation to try cause when reached — inconsistent to appeal from order and attempt to take advantage thereof.

Although a judgment may not be appealable because not rendered at a trial according to section 1346 of the Code of Civil Procedure, the orders upon which the judgment rests are appealable and on a reversal of the orders the judgment necessarily fails.

Where an order required the plaintiff to file a note of issue for a certain Trial Term there was a substantial compliance if a note of issue was filed for a Special Term held at the same time.

Where the condition of an order was that the plaintiff should stipulate to try the cause when reached there was a substantial compliance if the plaintiff was ready to try the cause when reached, although he tendered a stipulation that the case be set down for a certain term, there being no time set by the order within which the stipulation should be made.

A party cannot appeal from an order and at the same time attempt to take advantage of it.

APPEAL by the plaintiffs, Maurice W. Metzler and another, from a judgment of the Supreme Court in favor of the defend-

ant, entered in the office of the clerk of the county of Nassau on the 15th day of November, 1917, with notice of an intention to bring up for review an order entered in said clerk's office on the 22d day of October, 1917, directing a dismissal of the action, and also an order entered on the 8th day of November, 1917, denying their motion for a rehearing of defendant's motion to dismiss for failure to prosecute, etc.

*Joseph Fried*, for the appellants.

*Eli J. Blair*, for the respondent.

Per Curiam:

If the judgment herein is not appealable because not rendered at a trial, according to section 1346 of the Code, nevertheless the orders upon which this judgment rests are appealable. The appeal was taken within the statutory time after the entry of such orders, and the notice of appeal is broad enough so that we can consider this appeal as being taken from such orders; and on the reversal of the orders the judgment necessarily falls. The failure of the plaintiffs to comply with the conditions of the order of July twenty-seventh was technical rather than substantial. One condition was that they should " file a note of issue for the September Trial Term." As matter of fact the plaintiffs filed a note of issue for the September Special Term; but as the two terms were held at the same time, before the same justice, this was an unimportant variation, and the case could have been treated as though it were on the Trial Term calendar. The stipulation was not in accordance with the condition of the order. The condition of the order was that plaintiffs " stipulate to try the same when reached." The written stipulation tendered on the twenty-seventh day of July was that the case be set down for the September term, but the order of July twenty-second prescribed no time within which such stipulation should be made; and as the plaintiffs were ready to try the case when reached, the condition was substantially complied with. The defendant did not accept the order of July twenty-seventh, but appealed from the same, and the appeal was pending at the very time when the motion to dismiss the complaint was made. It is an inconsistent position to appeal

from the order and at the same time attempt to take advantage of it. These considerations, added to the fact that in view of the short statute of limitations contained in the policy upon which the action was brought another action cannot be maintained, lead to the conclusion that the judgment and orders should be reversed; but, because plaintiffs failed to comply accurately with the condition contained in the order of July twenty-seventh, the reversal is without costs either in this court or the court below; and the motion to dismiss the complaint is denied, without costs.

Jenks, P. J., Thomas, Putnam, Blackmar and Kelly, JJ., concurred.

Judgment and orders reversed, and motion to dismiss complaint denied, without costs either in this court or the court below.