█ PETROS D. GOUVAKIS, as Administrator of the Estate of DEMETRIOS GOUVAKIS, Deceased, Appellant, v. 490 TENTH AVENUE CORP., Respondent.— This is an appeal from an ex parte order and a judgment entered thereon. The defendant moved to dismiss the complaint for failure to prosecute (Rules Civ. Prac., rule 156). By order dated January 6, 1958, Special Term properly granted the motion. From the record it appears that the delay was unwarranted and the plaintiff offered no justifiable excuse for his failure to proceed after the joinder of issue. Moreover, the affidavit of merits was wholly insufficient (*Fiorello* v. *Towers Management Corp.*, 6 A D 2d 677; *Lakowitz* v. *Marlin Gardens*, 5 A D 2d 981; *Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867). The plaintiff did not file a notice of appeal from the order of dismissal dated January 6, 1958, and his failure to do so is fatal to the appeal before us. On the defendant's application, an ex parte order directing the entry of judgment was signed on March 24, 1958, and upon it, judgment was docketed on March 28, 1958. It is from that order and judgment that the plaintiff appeals. No appeal lies from an ex parte order (*Haner* v. *Van Buren*, 240 App. Div. 800; *Kogan* v. *Fair Waist & Dress Co.*, 233 App. Div. 735; *Matter of Bean* v. *Stoddard*, 207 App. Div. 276), nor is the judgment entered pursuant to that ex parte order appealable (Civ. Prac. Act, § 608). To obliterate the judgment in this case, there would have had to be a reversal, after a timely appeal, of the order dated January 6, 1958 (see *Metzler* v. *Fidelity & Deposit Co.*, 183 App. Div. 476; *Jones* v. *Sabin*, 122 App. Div. 666). The appeal must be dismissed on the law, with $20 costs and disbursements to the respondent. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.