Mario Pittoni, J.
In this proceeding pursuant to article 78 of the CPLB, judgment is granted in favor of the respondents dismissing the petition. The stay contained in the order to show cause which, on the hearing, was continued until the determination of the proceeding is vacated.
The petitioners, who are taxpayers and owners of real property in Central School District No. 2 of the Town of Oyster Bay, contend that approval of the voters on December 6, 1967 of a proposition to acquire a library site was obtained by misleading publicity to the effect that 35% of the cost would be paid by the United States Government, and that the proposed site is unsuitable for library purposes since it will be in close proximity to a gasoline filling station.
Basically the petition is concerned with the propriety of the referendum which was held on December 6,1967. In section 2037 of the Education Law it is provided that all disputes concerning the validity of a district meeting or of the acts of the officers of such meeting “ shall be referred to the commissioner of educa *925 tion for determination and Ms decisions in the matter shall he final and not subject to review. ’ ’ The numerous legal authorities cited by the respondent Syosset Public Library in the memorandum of law submitted by its attorney show that the weight of authority is to the effect that exclusive jurisdiction of such disputes is in the Commissioner.
With respect to the proposed site being unsuitable because it is close to property used for a gasoline filling station, the fact is, as shown in a companion proceeding (Matter of Knott v. Town Bd. of Town of Oyster Bay, 57 Misc 2d 925) that a public hearing was held on the proposed gasoline station application long before the referendum of December 6, 1967. The petitioners do not plead that either they or any other voters were unaware of the fact that the Town Board had not yet decided the application pertaining to the gasoline station when they voted on December 6,1967. Nor, in fact, do they plead that they voted for the proposed library.
Accordingly, as the petitioners have the right to appeal to the Commissioner of Education and should have exercised that right before commencement of a proceeding pursuant to article 78 of the CPLR, the petition is dismissed.