In the Matter of the STATE OF NEW YORK, Respondent, *v.* ROBERT FULLER, Individually and as President of Local 69, Creedmoor State Hospital, American Federation of State, County and Municipal Employees, AFL-CIO, et al., Appellants, et al., Respondents.

Second Department, December 10, 1968.

*Julius Topol* (*William Kleinman* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Mark T. Walsh* of counsel), for State of New York, respondent.

*Per Curiam.* By order dated November 29, 1968, appellants have been adjudged guilty of criminal contempt of court by reason of their willful disobedience on November 18 and 19, 1968 of the temporary restraining provisions of an order dated November 14, 1968, as supplemented by an order dated November 16, 1968, which enjoined and restrained them " from engaging in a strike or withholding services, or causing, instigating, threatening, encouraging or condoning a strike against the petitioner ". Appellant Roberts has been sentenced to 30 days in jail and fined $250; appellant Fuller has been sentenced to 20 days in jail and fined $125; and appellant Local 69 has been fined $1,000.

The order of November 29, 1968 should be affirmed. We consider the Attorney-General's application for a preliminary injunction as one made under section 211 of the Civil Service Law; and we hold that the court below had jurisdiction to issue the temporary restraining order of November 14, 1968 as ancillary to the action or proceeding thus instituted and subsequently validly commenced by the service of the order to show cause on appellants (CPLR 304, 403, subd. [d]).

The fact that the instant matter was removed to the United States District Court on November 15, 1968 (pursuant to U. S. Code, tit. 28, § 1441 *et seq.*) did not cause the order of November 14, 1968 to lose its character as an order of the Supreme Court of the State of New York. That order remained in full force and effect (U. S. Code, tit. 28, § 1450; cf. *Bondurant* v. *Watson,* 103 U. S. 278, 288) ; and, while the courts of this State may not have had jurisdiction to proceed further while the matter was pending in the District Court (*Lowe* v. *Jacobs,* 243 F. 2d 432, cert. den. 355 U. S. 842), that disability ceased when the matter was remanded to the Supreme Court, Queens County, on November 18, 1968 and thereafter that court had complete authority to punish appellants for their willful violation of its order.

It is not clear that appellants, in the court below, raised the objection that the issuance of the temporary restraining order ex parte was in violation of their constitutional rights; and it is doubtful, therefore, that it may be advanced on this appeal (cf. *Matter of Leogrande* v. *State Liq. Auth.,* 19 N Y 2d 418; *Matter of Andersen,* 178 N. Y. 416; *Von Diezelski* v. *Food Fair Stores,* 18 A D 2d 724). If it be assumed, however, that the question is

properly before us, we are of the opinion that appellants' argument is without merit. *Carroll* v. *President & Comrs. of Princess Anne* (383 U. S. 175), relied upon by appellants, does not compel a contrary conclusion. As that case recognizes, there is a place in our jurisprudence for the issuance of ex parte restraining orders of short duration. The order in the instant case is of that character. Unlike the order in the *Carroll* case (*supra*), which enjoined certain actions for a period of 10 days, the order here, made on November 14, 1968 and not served until November 16, 1968, merely enjoined appellants from taking the prohibited action until the hearing of petitioner's application for an injunction. Moreover, a fundamental distinction exists between this case and *Carroll*, in that it appears that the restraining order there could only be attacked by a motion on notice, while here the ex parte order was subject to immediate vacatur, ex parte, under CPLR 5704. In view of the direction in section 211 of the Civil Service Law that there be an application "forthwith" for injunctive relief against a threatened violation of section 210 of the statute and the availability of immediate relief against the improper issuance of a temporary restraining order, we find no violation of appellants' constitutional rights in the granting of the ex parte order here.

Also without merit, in our opinion, is appellants' contention that the Norris-La Guardia Act (U. S. Code, tit. 29, § 101 *et seq.*) deprived the court below of jurisdiction to issue any injunction in this labor dispute. (Cf. *Rankin* v. *Shanker*, 23 N Y 2d 111; *City of New York* v. *De Lury*, 23 N Y 2d 175.)

Finally, we are of the opinion that the sentences imposed on appellants Roberts and Fuller were entirely justified in the light of their willful, continuous and brazen violations of the restraining orders. We agree with the learned Special Term that the health and welfare of more than 6,000 mentally ill patients were callously disregarded and that "[i]f we are to have a stable government, under law, and not an anarchistic society, no one may be privileged to determine when and under what circumstances he or she may break the law."

We conclude that justice does not require any interference with the Special Term's discretion and that the order of November 29, 1968 should be affirmed, without costs.

That part of the appeal which is from the order of November 14, 1968 should be dismissed, without costs. No appeal lies from an ex parte order (*Gouvakis* v. *490 Tenth Ave. Corp.*, 6 A D 2d 1035).

BELDOCK, P. J., CHRIST, BRENNAN, RABIN and HOPKINS, JJ., concur.

Appeal from order dated November 14, 1968 dismissed, without costs.

Order dated November 29, 1968 affirmed.

Motion by appellants for a stay and other relief dismissed as academic, in view of the decision herewith of the appeal.