In the Matter of MARIO PIKUS et al., Petitioners, v EDWARD R. DUDLEY et al., Respondents. — Article 78 petition unanimously granted, without costs or disbursements, and the order of Appellate Term, Supreme Court, New York County, entered October 21, 1982, vacating an order of the Civil Court, New York County (Lane, J.), dated August 16, 1982, as modified by an order of the same court, dated August 17, 1982, temporarily staying execution of both the judgments against petitioners and warrants of eviction, vacated; said temporary stay restored, and petitioners' motions to vacate said judgments and warrants remanded to the Civil Court, New York County, for disposition. Petitioners are directed to serve a copy of this court's order upon the clerk of the Landlord-Tenant Part of Civil Court, New York County, within two days of entry of this court's order so that these matters appear on a Ready Calendar seven days after entry of this court's order. Acting pursuant to CPLR 5704 (subd [b]), Appellate Term vacated a temporary restraining order issued by a Judge of the Civil Court. Appellate review under CPLR 5704 is strictly limited to orders ex parte. (*Dawson v Sherwood,* 21 AD2d 652.) Although originally issued ex parte, the temporary restraining order, which enjoined execution of warrants of eviction, was continued, except for a nonmaterial modification not herein relevant, after the landlord by formal motion on notice to the tenants moved to vacate the temporary stay, and the issuing court denied the landlord's application in a memorandum decision/order. Thus, the temporary restraint was no longer an ex parte order but, rather, the result of a contested motion based on supporting and opposing papers and, as such, was appealable. (CCA, § 1702, subd [a], par 2.) Alternatively, the landlord could have appealed from the denial of the motion to vacate the stay. (*Matter of Willmark Serv. System,* 21 AD2d 478.) In vacating the temporary restraining order without an appeal pending, Appellate Term acted without jurisdiction. In such circumstances prohibition lies. (See *Matter of Lee v County Ct. of Erie County,* 27 NY2d 432.) Nor may we consider the motion to vacate the temporary stay which was addressed to Appellate Term on notice to petitioners and in which both sides briefed the substantive issue, i.e., the applicability of the new Loft Law (Multiple Dwelling Law, art 7-C, eff June 21, 1982, L 1982, ch 349, § 1), the functional equivalent of an appeal, since the failure to file a notice of appeal in the Civil Court is fatal. (*Gouvakis v 490 Tenth Ave. Corp.,* 6 AD2d 1035.) In reinstating the temporary restraining and remanding the matter to the Civil Court for resolution we take no position on the substantive issues raised by the tenants' motions. Concur — Kupferman, J. P., Sullivan, Ross and Alexander, JJ.