■ In the Matter of JEAN M. PHILLIPS, Respondent, v ROBERT J. MAURER, as Acting Commissioner of Education of the State of New York, et al., Appellants. — Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered June 18, 1984 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education permitting respondent Board of Education of the Wheatland-Chili Central School District to use school district funds to advocate support of the budget and a bond resolution.

On May 10, 1983, respondent Board of Education of the Wheatland-Chili Central School District placed a full-page advertisement in the *Genesee Valley Pennysaver,* at a cost of $83.50, which urged voters in the school district to vote "YES" on the Board of Education's budget and bond issue proposal, to be presented June 1, 1983.* The advertisement described the use of the proposed bond issue funds, future State aid and other facts. Petitioner, a former member of the school board, complained to respondent Commissioner of Education "[t]hat the advertisement contained distortions and untruths in that it stated that unless the bond issue was approved, the District could get no state aid for capital projects".

Petitioner requested the Commissioner to direct the Board of Education to refrain from using district funds for persuading or urging votes for or against any issue or proposition on the ballot and to require that the members of the Board of Education reimburse the district for the cost of any such advertisements. The Commissioner issued an opinion and determination dismissing the complaint in reliance upon three previous opinions made by the Commissioner, which held that a school board may publicize its position in regard to school district matters to assist

---

* Apparently, the Board of Education also utilized its monthly newsletter and an advertising circular to campaign for passage of the budget and bond issue in addition to the advertisement in the *Pennysaver.*

voters in intelligently exercising the franchise. Petitioner then instituted this proceeding seeking annulment of the determination, arguing that the Board of Education's action was illegal and the Commissioner's determination was arbitrary and capricious. Special Term granted the petition, annulled the determination and ordered the Board of Education to cease and desist from using district funds to promote its views on matters subject to public referendum. This appeal by the Board of Education and the Commissioner ensued.

The standard of court review pursuant to CPLR article 78 of an administrative determination is whether the decision was arbitrary and capricious or lacked a rational basis (*Matter of Shurgin v Ambach,* 56 NY2d 700, 702; *Matter of Gundrum v Ambach,* 55 NY2d 872; *Matter of Katz v Ambach,* 99 AD2d 897). It is undisputed that the Board of Education is authorized to present a proposed annual budget, accompanied by educational and informational material to enlighten the voters (Education Law § 1716). The issue thus distills to whether the Board's advertisement of its position was reasonably necessary for the accomplishment of its authorized duties. The Commissioner has repeatedly held that a board of education may, as here, publicize its views on school district matters so as to assist voters in intelligently exercising the franchise (*Matter of Lawson,* 21 Ed Dept Rep 296; *Matter of Bishop,* 14 Ed Dept Rep 278; *Matter of Kemp, Lavin & Tobia,* 1 Ed Dept Rep 33). In addition, the Board of Education is statutorily empowered to control the educational affairs of the district, and may take all measures reasonably necessary to accomplish its duties (Education Law § 1709 [33]). Implicit in this broad grant of authority is the power to make reasonable expenditures to communicate the Board's position on budget matters.

In our view, the Commissioner could rationally conclude that the advertisement expenditures under review in this case were in all respects proper (*see, Matter of Robins v Blaney,* 59 NY2d 393, 399; *Matter of Howard v Wyman,* 28 NY2d 434). Moreover, personal liability of members of a school board for the expenditure of school district funds arises only when the illegal acts were collusive, fraudulent or motivated by personal gain (*see, Stewart v Scheinert,* 47 NY2d 826, 828), a situation clearly not demonstrated to exist in this case.

Judgment reversed, on the law, with costs, determination confirmed, and petition dismissed. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.