OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, Albany County, reinstated.
We agree with the Appellate Division that Education Law §§ 1716 and 1709 (33) authorize a board of education to "present a proposed annual budget, accompanied by educational and informational material to enlighten the voters” (109 AD2d 998, 999), and that public moneys may be spent reasonably to accomplish this end (e.g., Matter of Lawson, 21 Ed Dept Rep 296; Matter of Bishop, 14 Ed Dept Rep 278; Matter of Kemp, 1 Ed Dept Rep 33). We cannot agree, however, with *674 the respondent Acting Commissioner’s interpretation that the scope of a board of education’s statutory authority allows a board to disseminate information, at the taxpayers’ expense, patently designed to exhort the electorate to cast their ballots in support of a particular position advocated by the board. It has been stated in a different context that "[t]o educate, to inform, to advocate or to promote voting on any issue may be undertaken, provided it is not to persuade nor to convey favoritism, partisanship, partiality, approval or disapproval by a State agency of any issue, worthy as it may be” (Stern v Kramarsky, 84 Misc 2d 447, 452; see also, 1980 Opns St Comp No. 80-411).
The challenged advertisement contains information that, standing alone, would be considered a proper attempt to educate the public so that they will be better equipped to exercise their franchise. However, it also urges readers in bold print to vote "yes” to wheatland-chili’s budget and bond issue proposal, and contains subjective statements, such as "The Board of Education urges residents to vote 'Yes’ for the proposed budget and bond issue, because it believes both are in the best interest of the District” and "By voting 'Yes’ * * * you will help protect our school facilities and the quality of education in our District”. Accordingly, the advertisement exceeds the publication of information "reasonably necessary” to educate the public (see, Education Law § 1709 [33]) and there is no rational basis for the Acting Commissioner’s failure to restrain the board from purchasing it with district funds.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur in memorandum; Judge Hancock, Jr., taking no part.
Order reversed, etc.