■ In the Matter of EVA B., an Infant. SHERI B., Appellant; KENNETH B. et al., Respondents.—Appeal from an order, Family Court, New York County (Sheldon Rand, J.), entered on or about October 30, 1989, which, upon reargument, granted respondent-appellant's motions to the extent that certain medical personnel were directed to be deposed and adhered to its prior determinations directing an in camera inspection of medical records of respondent-respondent maintained by the Payne Whitney Psychiatric Clinic and, following such inspection, limited discovery sought by respondent-appellant to three notations appearing on said records; that portion of the order which limited respondent-appellant's discovery of the medical records is dismissed as moot, the remaining portion, which granted the respondent-appellant's application to the extent of compelling depositions of certain medical personnel upon certain stated conditions, is unanimously affirmed, without costs. Appeals from the orders of the same court, entered on or about September 6, 1989 and entered on or about October 17, 1989, respectively, are dismissed as subsumed in the appeal from the above order, without costs.

After the orders appealed from were entered, the matter proceeded to trial. Shortly before the trial commenced, however, respondent-respondent requested a meeting with the court-appointed validator and voluntarily turned over the medical records in question for her evaluation. In contemplation that all parties to the proceeding would be entitled to possession of the records for the purpose of cross-examining the court-appointed validator, respondent-respondent consented to the release of the records to all parties. Since the disputed medical records were disclosed and were introduced into evidence at the trial, that portion of respondent-appellant's appeal which challenged the Family Court's denial of her application for discovery of the medical records is moot

*(Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 [People],* 72 NY2d 307, *cert denied* 488 US 966).

With respect to that portion of respondent-appellant's application which sought to compel depositions of any medical personnel who treated respondent-respondent within the last five years, we find that it was not an improvident exercise of discretion for the Family Court to have imposed certain limitations and conditions upon the depositions requested since respondent-appellant failed to demonstrate the existence of special circumstances warranting such examinations *(Matter of Carla L.,* 45 AD2d 375; *Matter of Vanessa R.,* 148 AD2d 989). Moreover, an expeditious resolution of this matter is in the best interest of the child. Should circumstances develop which would warrant that further depositions or discovery be held, the Family Court is, of course, free to exercise its discretion to order them. Concur—Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.