■ In the Matter of ANDREA VECCHIO, Appellant, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents.— Mercure, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered August 27, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education dismissing petitioner's appeal with respect to a certain repair and renovation bond issue.

In February 1990, respondent Board of Education of the East Islip Union Free School District (hereinafter the school district) adopted a resolution calling for a district-wide vote upon a proposition to expend $9.8 million on a facility improvement program, to be financed by the issuance of bonds. In advance of the vote, the school district prepared and mailed to all district households a brochure discussing the proposed project and the alternatives of incurring bonded indebtedness or performing the improvements over a period of years out of annual tax revenues. At an April 3, 1990 meeting, the proposition was approved by a vote of 1,313 to 1,168. Alleging, *inter alia,* that the brochure contained misleading and incorrect information, petitioner appealed by petition to respondent Commissioner of Education *(see,* Education Law § 310) for a determination annulling the vote in the event of a finding that the brochure coerced the passage of the proposition. The Commissioner dismissed the appeal upon the dual grounds that (1) petitioner failed to allege in the petition, or support her application with sufficient evidence to demonstrate, that the content of the brochure actually influenced the vote, and (2) the brochure did not actually advocate an affirmative vote on the proposition *(see, Matter of Phillips v Maurer,* 67 NY2d 672). Petitioner then challenged the Commissioner's determination in this CPLR article 78 proceeding. Supreme Court granted judgment in favor of respondents dismissing the petition upon the ground that, although the brochure did violate the standard set forth in *Matter of Phillips v Maurer (supra),* petitioner failed to support her application with sufficient evidence to establish that the brochure actually influenced the election in favor of the proposition. Petitioner now appeals to this Court.

We affirm. Contrary to Supreme Court's determination, we do not view as irrational the Commissioner's determination that the brochure contains no statement advocating an affirmative vote on the proposition *(see, Matter of Phillips v Maurer, supra,* at 674).* Based upon our review of the brochure, we reject petitioner's assertions that the brochure falsely "implied" that the school district would be entitled to 70% State aid if the $9.8 million expenditure was funded through the bond issue but not if the same funds were expended through annual budgeting. Similarly, we reject petitioner's arguments that the brochure falsely stated that the entire $9.8 million was for items which were absolutely "mandated" and would have to be provided through annual budgeting if the bond proposition was not passed or omitted financial data critical to a balanced presentation and an informed vote. Notably, we find no support in the record for petitioner's conclusory claim that the size and scope of the proposed repair and renovation program was intentionally overstated. In our view, the brochure gave a reasonably balanced comparison of the cost of performing recommended improvements through the proposed bond issue, on the one hand, and out of annual tax revenues over a three-year period, on the other. We need not consider Supreme Court's alternative basis for dismissal.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.