■ In the Matter of ROBERT L. SCHULZ et al., Respondents, v STATE OF NEW YORK et al., Respondents, and COMMACK BOARD OF EDUCATION, Appellant. [603 NYS2d 632] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered October 13, 1992 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, restrained respondent Commack Board of Education from holding a vote on a proposed bond resolution, and (2) by permission, from an order of said court, entered November 6, 1992 in Albany County, which referred petitioners' motion to hold respondent Commack Board of Education in criminal contempt to a Referee.

By means of this combined CPLR article 78 proceeding and declaratory judgment action petitioner sought, *inter alia,* to prevent respondent Commack Board of Education (hereinafter respondent) from holding a referendum on an $11.7 million bond issue. The gist of petitioners' complaint is that respondent wrongly influenced the outcome of the election, which

was scheduled for October 14, 1992, by disseminating factually incorrect, misleading and biased materials to prospective voters. On October 9, 1992, petitioners presented Supreme Court in Albany County (Kahn, J.) with a proposed order to show cause, having a return date of October 16, 1992, and also a document denominated a "temporary restraining order" (hereinafter TRO), both of which sought to enjoin the referendum. The order to show cause, which by its terms was to be served on respondent by 9:30 A.M. on October 13, 1992, was signed by the court on October 9, 1992, but the court declined to sign the TRO, apparently suggesting that as a Suffolk County municipality was involved petitioners should seek out a Supreme Court Justice in Suffolk County to obtain the relief they desired. Unsuccessful in this regard, petitioners informed Supreme Court of their plight on the morning of October 13, 1992 and Justice Kahn agreed to see the parties in chambers in Albany at 2:30 P.M. that day. At 2:20 P.M., petitioners informed respondent's counsel of the hearing and that Supreme Court wished to have the telephone number of an attorney whom the court could call between 2:30 P.M. and 3:00 P.M. At 3:00 P.M., not having received any call, respondent's counsel contacted the court and was made aware that a TRO enjoining respondent from conducting the referendum until October 16, 1992, the return date of the previously issued order to show cause, had been signed. In response to respondent's plea the court thereupon entertained and denied respondent's oral application to vacate the TRO. The order was served on respondent's counsel the same day, October 13, 1992 and counsel, interpreting it as a preliminary injunction (based on the fact that notice of the hearing had been received), filed a notice of appeal, bringing this matter before us. Believing that the appeal was proper, and that CPLR 5519 (a) thus provided an automatic stay of the provisions of the order, counsel so advised respondent, and the referendum was held as scheduled on October 14, 1992.

Petitioner subsequently moved for an order holding respondent in contempt of court for willfully disobeying the TRO, and after determining that the motion alleged facts which, if proven, would support a finding of criminal contempt, Supreme Court, by order dated and entered on November 6, 1992, referred the matter to a Referee. Permission to appeal this order was granted by a Justice of this Court.

Respondent contends, and we agree, that because of Education Law § 2037 Supreme Court lacked jurisdiction over the subject matter of this action. Petitioners urge that this stat-

ute, which provides that "[a]ll disputes concerning the validity of any district meeting or election * * * shall be referred to the commissioner of education for determination" (Education Law § 2037), is inapplicable to this proceeding, which they claim does not question the validity of the outcome of an election but rather the propriety of holding an election at all. Distilled, petitioners' challenge consists of an assertion that respondent's improper publicity will render the election results invalid, if and when those results are obtained; this is, in essence, a dispute over the validity of an election, and the timing of petitioners' litigation does not change its basic nature. Education Law § 2037 plainly and unequivocally vests exclusive jurisdiction over controversies of this kind in respondent Commissioner of Education (see, Matter of Rynsky v Kantro, 57 Misc 2d 924; cf., Matter of Vecchio v New York State Dept. of Educ., 189 AD2d 961, lv denied 81 NY2d 709) and is not, by its terms, limited to actions or proceedings brought after an election or district meeting has been held. Because Supreme Court clearly did not have jurisdiction over this matter from its inception, the October 13, 1992 order is void on its face. Inasmuch as a finding of contempt cannot be predicated on disobedience of a facially void order (see, DiFate v Scher, 45 AD2d 1002, 1003), the November 6, 1992 order referring the matter to a Referee must be reversed.

As for the October 13, 1992 order, although any issue arising therefrom has been rendered moot, both by the fact that the referendum was held as scheduled and by the expiration of the order on October 16, 1992, the very nature of an order granting temporary relief is such that the question of its appealability, and the concomitant availability of an automatic stay, is likely to recur yet evade review; for this reason, we elect to address the subject despite the lack of live controversy at this time (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714).

Respondent contends that this order was truly a preliminary injunction, and therefore appealable as of right and automatically stayed by the mere filing of a notice of appeal (CPLR 5519); after careful consideration of the circumstances surrounding its issuance, however, we find that the October 13, 1992 order was not made on adequate notice to permit of an appeal therefrom as of right (see, CPLR 5701 [a] [2], [3]). This statutory limitation, which permits an appeal as of right only from an order which decided a motion "made upon notice", is designed to ensure that the adverse party has had an opportunity to respond and to develop a record in support

of its position, thus facilitating enlightened appellate review. When appropriate notice has not been furnished, a different procedure, which allows for creation of the record through motion practice, must be followed (see, CPLR 5701 [a] [3]; 5704 [a]).

When the notice requirement is interpreted in accordance with this purpose, it becomes apparent that the notice given respondent was not sufficient to render the resulting order appealable. Although it is undisputed that respondent was notified at 2:20 P.M., on the afternoon of October 13, 1992, that the court would hold a hearing to determine whether to issue an order restraining the referendum scheduled to be held the next day, we find this "notice" temporally inadequate to enable respondent to muster a meaningful response or to create a record for the purpose of appeal (cf., Matter of Pikus v Dudley, 90 AD2d 700 [where TRO was continued after "formal motion on notice", the resulting order was appealable]). Nor could this notice transform the resulting temporary restraint—which provided relief only until the return date of the order to show cause and included no requirement of an undertaking, clear indications that it was intended to be a TRO—into a preliminary injunction, as rudimentary principles of fairness dictate that any order issued without any reasonable opportunity for opposition thereto must be held to the stricter limitations of scope and duration applicable to a TRO.

Because the order of October 13, 1992 was in all respects a TRO and was made without adequate notice to the adverse party, it is not appealable (see, Matter of Schulz v State of New York, 175 AD2d 356, 357, lv denied 78 NY2d 862), and the purported appeal therefrom must be dismissed.

Mikoll, J. P., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the appeal from order entered October 13, 1992 is dismissed, without costs. Ordered that the order entered November 6, 1992 is reversed, on the law, without costs, and motion to hold respondent Commack Board of Education in contempt of court denied.