■ In the Matter of ROBERT L. SCHULZ et al., Appellants, v STATE OF NEW YORK et al., Respondents. [613 NYS2d 724] — Yesawich Jr., J. Appeal from that part of a judgment of the Supreme Court (Cardona, J.), entered July 12, 1993 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted motions to dismiss the third through sixth and eighth causes of action in the petition.

In this combined action and proceeding, petitioners maintain that certain expenditures of public funds by various governmental entities and individuals have been made in contravention of the mandates of the State Constitution (see, NY Const, art VII, § 8). The petition having been dismissed in its entirety, petitioners appeal, arguing that Supreme Court erred in dismissing their third, sixth and eighth causes of action.[1]

---

1. Petitioners' acknowledgement, in their reply brief, that the fourth and fifth causes of action are now moot renders it unnecessary to address those claims.

The third cause of action seeks an injunction preventing a school district election on a proposed bond issue, or preventing the tallying of votes from that election, a declaration that it is unconstitutional for a school board to use public funds to encourage support of a bond issue, and an order directing respondent State Department of Education to review all literature disseminated by local boards of education in conjunction with any proposition placed on the ballot in a school district election. The claim arises from petitioners' perception of literature distributed by respondent Board of Education of the Commack Union Free School District as biased toward passage of a bond act and factually incorrect or misleading.

Supreme Court dismissed this cause of action, on the basis that Education Law § 2037 vests in the Commissioner of Education exclusive jurisdiction to resolve disputes over the validity of school district meetings or elections. This Court previously held, when addressing respondents' appeal of an interlocutory order, that Education Law § 2037 mandates review by the Commissioner in the first instance (198 AD2d 624, *appeal dismissed* 83 NY2d 906); that holding is now the law of the case and we find no reason to permit petitioners to relitigate the issue.[2]

On appeal, petitioners for the first time suggest that Education Law § 2037 may be unconstitutional, as applied to their claim. In Supreme Court, however, petitioners' only contention was that the dispute fell outside the scope of Education Law § 2037 because it was brought prior to the election, rather than afterward. Having failed to raise any question with regard to the constitutionality of the statute, or its application, in the court of first instance, petitioners may not rely on that argument in this Court *(see, Matter of Latrice R.,* 93 AD2d 838, *lv denied* 59 NY2d 604).

Also for the first time, petitioners now assert that Education Law § 2037 does not apply to the instant dispute because the allegations of the petition are not directed at the validity of the election itself, but at respondents' use of public funds. Petitioners contend that inasmuch as this new argument is addressed to the question of subject matter jurisdiction, their failure to raise it earlier is not fatal. We disagree, for the proscription against court review of election disputes is not,

2. Although the Court of Appeals dismissed petitioners' appeal of that prior order on the ground that it did not finally determine the controversy, dismissal on this basis does not foreclose the possibility of obtaining review in the context of an appeal of the final order *(see,* CPLR 5501 [a] [1]).

technically, a limitation on subject matter jurisdiction, but rather a legislative direction that cases within the scope of Education Law § 2037 be resolved in the first instance by the Commissioner (see, People v Davis, 27 AD2d 299, 305; see also, Motor Vehicle Mfrs. Assn. v State of New York, 75 NY2d 175, 184). It is only after the Commissioner has acted that Supreme Court will exercise its jurisdiction in this area (see, Finley v Spaulding, 274 App Div 522, 526; Guariglia v De Furio, 34 Misc 2d 200, 204-205). This case presents no exceptional circumstances warranting a departure from this principle. If petitioners are aggrieved by the Commissioner's decision, and believe it to be unconstitutional, or in any other way arbitrary and capricious, they may then seek relief by means of a CPLR article 78 proceeding (see, Matter of Colson v Allen, 285 App Div 797, 798; Matter of Pacos v Hunter, 29 Misc 2d 404, 406, affd 14 AD2d 990, appeal dismissed 11 NY2d 1112; cf., Matter of Vecchio v New York State Dept. of Educ., 189 AD2d 961, lv denied 81 NY2d 709).

In their sixth cause of action, petitioners assert that the expenditure of public funds by the Governor and the Commissioner of the State Department of Economic Development for the production and distribution of an allegedly partisan newsletter was improper, and therefore they seek return of the moneys spent. For the most part, the newsletter in question is educational, consisting of facts and statistics regarding State welfare and Medicaid programs and expenditures. Although it does refer to "this important election year" and suggests that concerned citizens "vote for the men and women who put people before politics", it leaves it up to the voter to determine which candidates meet that description and does not explicitly advocate voting for any particular person, party or issue. Consequently, we agree with Supreme Court that the expenditure of public funds for its production did not violate NY Constitution, article VII, § 8.

Petitioners' other contentions have been considered and found meritless.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.