■ In the Matter of ROBERT L. SCHULZ, Appellant, v H. CARL McCALL, as Comptroller, et al., Respondents. [632 NYS2d 883] —Per Curiam. Appeal from a judgment of the Supreme Court (Keegan, J.), entered October 18, 1995 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.

At the November 7, 1995 general election, the voters of this State will consider a proposed amendment to NY Constitution, article VII, §§ 1, 2, 10, 11 and 16, concerning the State's ability to contract certain debt (see, 1995 NY Senate-Assembly Bill S 3631-A, A 4044-A; 1994 NY Senate-Assembly Bill S 8596, A 11860). Alleging that respondent Senate Majority Leader, respondent Comptroller and a subordinate of the Comptroller utilized public funds to advocate a partisan position on the proposed constitutional amendment (see, NY Const, art VII, § 8; *Matter of Schulz v State of New York*, 86 NY2d 225, 234), petitioner commenced this proceeding to, *inter alia*, enjoin a repetition of the message so communicated. Respondents moved to dismiss the petition/complaint on objections in point of law. Apparently concluding that respondents' communications were educational and conformed to the standard recently enunciated by the Court of Appeals in *Matter of Schulz v State of New York (supra)*, Supreme Court rendered a decision granting the motion and dismissing the petition/complaint. Petitioner now appeals.

Initially, we agree with Supreme Court's dismissal of the petition as against the Senate Majority Leader, but for a reason different than that expressed. In our view, the petition/complaint fails to state a cause of action against the Senate Majority Leader because it makes no competent factual allegation that any public funds were expended in connection with his alleged effort to sway public opinion in favor of the constitutional amendment. The wholly conclusory allegation

that the act was done "at taxpayer expense" will not suffice (*cf.*, *Matter of Schulz v State of New York*, *supra* [publication and mailing of newsletter by Governor's Office of Economic Development]). Fundamentally, absent an expenditure of public funds, a State official's private expression of his or her partisan position on a public issue does not violate NY Constitution, article VII, § 8 (*see*, *Stern v Kramarsky*, 84 Misc 2d 447, 453).

However, we take a different view of the allegations concerning the Comptroller. The factual averments (and accompanying evidentiary showing) that the Comptroller's article "Debt Reform Amendment: A Good First Step Toward Fiscal Responsibility" was prepared or reproduced on official letterhead and transmitted to newspapers throughout the State on a State fax machine competently allege the use of public funds. Further, we agree with petitioner that, rather than merely "conveying information on a political issue and urging voters to participate in the democratic process" (*Matter of Schulz v State of New York*, *supra*, at 236), the Comptroller's article was " 'patently designed to *exhort* the electorate to [make an avowed, public commitment] in support of a particular position advocated by [one political faction]' " (*supra*, at 236, quoting *Matter of Phillips v Maurer*, 67 NY2d 672, 674 [emphasis in original]). The article states in relevant part:

"Critics of the proposed amendment have said it fails to go far enough. I agree. The amendment does not go as far as the one I proposed early last year. However, the Legislature was reluctant to impose any restrictions on itself at all. They prefer the status quo. The amendment we finally forced them to accept is a major step toward reform, but not the final step. We can continue to move forward. However, *rejecting this amendment will send a message to the Legislature that the voters are satisfied with current spending practices — and I know that is certainly not true.*

"This amendment is not a panacea for all that ails the State. We still need to take additional steps * * * But *if the amendment does not pass* this fall, it will be at least two more years before another amendment can be put on the ballot—if the Legislature chooses to give the voters another chance at reform—and there are no guarantees it will be better than this one.

"New Yorkers should not have to wait any longer for reform — we have waited long enough. *The Constitutional amendment that will appear on the ballot November 7 will put in motion reforms that will begin to finally get New York's finances*

*in order. We must not pass up this chance* to fix the out of control debt practices that have been dragging New York down" (emphasis supplied).

Based upon the foregoing, and particularly the emphasized language, we reject respondents' assertion that the article cannot be read as exhorting the public to vote in any particular way. Quite the opposite, we cannot read it any other way. Further, because the article seeks to induce a positive vote on the proposed constitutional amendment, the mere existence of some factual information "that, standing alone, would be considered a proper attempt to educate the public" (*Matter of Phillips v Maurer, supra*, at 674) will not rectify the constitutional violation (*see, Matter of Schulz v State of New York, supra*, at 236).

Thus, the petition/complaint states a valid cause of action under NY Constitution, article VII, § 8 (1) to the extent that it alleges the Comptroller's dissemination at public expense of the article "Debt Reform Amendment: A Good First Step Toward Fiscal Responsibility". Because the Comptroller has not yet had an opportunity to interpose an answer to the petition/complaint, CPLR 7804 (f) requires us to remit the matter to Supreme Court (*see, Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.*, 63 NY2d 100; *Matter of Ten Mile Riv. Holding v Jorling*, 150 AD2d 927, 929; *cf., Matter of Rauer v State Univ.*, 159 AD2d 835), despite the imminence of the November 7, 1995 election. Further, our determination of the appeal precludes us from granting petitioner's application for a preliminary injunction pending appeal (*see*, CPLR 5518). However, petitioner may seek the same relief in Supreme Court pursuant to CPLR article 63.

The parties' remaining contentions have been considered and found lacking in merit.

Mercure, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, with costs to petitioner, by reversing so much thereof as granted the motion and dismissed the petition/complaint against respondent Comptroller; motion denied to that extent; and, as so modified, affirmed. Ordered that the motion for preliminary injunction pending appeal is dismissed, as academic.