■ In the Matter of ROBERT L. SCHULZ, Respondent, v H. CARL McCALL, as Comptroller of the State of New York, Appellant. [652 NYS2d 854] —Mercure, J. Appeal from an order of the Supreme Court (Harris, J.), entered July 10, 1996 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, denied respondent's motion for summary judgment.

So much of this combined proceeding and action as is relevant to this appeal arises out of respondent's alleged use of public funds to advocate a particular position on a constitutional amendment that was proposed for the voters' consideration at the November 7, 1995 general election. On a prior appeal, we determined that the petition/complaint stated a valid cause of action against respondent under NY Constitution, article VII, § 8 (1) to the extent that it alleged respondent's dissemination at public expense of an article "Debt Reform Amendment: A Good First Step Toward Fiscal Responsibility" (220 AD2d 984, 986). In so doing, we rejected respondent's contention that the article was a mere attempt to educate the public (*see, Matter of Schulz v State of New York*, 86 NY2d 225, 236, *cert denied* 516 US 813; *Matter of Phillips v Maurer*, 67 NY2d 672, 673); to the contrary, we found that the article sought "to induce a positive vote on the proposed constitutional amendment" (*Matter of Schulz v McCall*, 220 AD2d 984, 986, *supra*).

Following the defeat of the proposed constitutional amendment and joinder of issue, respondent moved for summary judgment dismissing the petition/complaint upon a factual showing that, although $300 in public funds was expended in the dissemination of the subject article to the news media, "[respondent] and his Office were significantly involved in the development of the proposed constitutional amendment from its inception" and the article was prepared and disseminated in response to media requests. Supreme Court denied the motion, respondent appeals and we now affirm.

We agree with Supreme Court's conclusion that respondent's evidentiary submissions by no means mandated a finding that he did not violate NY Constitution, article VII, § 8 (1) because

his dissemination of public funds was merely accomplished in furtherance of a civic responsibility to speak on matters of public concern. Rather, as clearly expressed in our prior decision, our reading of the subject article leads us to the conclusion that the expenditure was incurred as the result of an affirmative effort on respondent's part to influence the election (*Matter of Schulz v McCall, supra,* at 985-986). Thus, we are not persuaded by respondent's efforts to distinguish the present situation from the facts underlying *Matter of Phillips v Maurer* (*supra*) and *Matter of Schulz v State of New York* (*supra*).

The additional points raised in petitioner's voluminous brief are irrelevant to the discrete issue raised on respondent's motion and the appeal therefrom.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.