█ In the Matter of CRYSTAL AA., a Child Alleged to be Abused. FULTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; HARRY CC., Respondent; KAREN L. KIMBALL, as Law Guardian, Appellant. [706 NYS2d 208] —Graffeo, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered August 4, 1999, which, in a proceeding pursuant to Family Court Act article 10, granted respondent's motion to compel Crystal AA. to submit to an examination before trial.

This case arises out of a child protective proceeding pursuant to Family Court Act article 10, alleging that Crystal AA. had been sexually abused by respondent. During the pendency of the proceeding, respondent moved for an order directing the subject child to submit to an examination before trial which was granted by Family Court. The Law Guardian now appeals.*

Although the examination before trial pursuant to Family Court's order has already been conducted, we view this issue as significant and novel, and likely to reoccur yet evade review, thereby falling within the exception to the mootness doctrine (*cf.*, *Matter of Schulz v State of New York*, 198 AD2d 624, 626, *appeal dismissed* 83 NY2d 906; *People ex rel. Wagner v Infante*, 167 AD2d 630, 631-632). In making this determination, we are cognizant of the fact that such depositions would commonly be conducted prior to appellate review in similar situations.

Addressing the substantive issue, Family Court Act § 1038 (d) generally permits the application of CPLR 3101 disclosure

---

* The Law Guardian moved pursuant to Family Court Act § 1114 (b) for a stay pending the appeal which was denied by this Court in August 1999.

provisions in child protective proceedings. Since a child is the subject and not a party in a Family Court Act article 10 abuse or neglect proceeding, the child's deposition is governed by CPLR 3101 (a) (4) which pertains to "any other person." Furthermore, a litigant seeking discovery from a child must demonstrate adequate special circumstances in addition to relevance and materiality (*Matter of Vanessa R.*, 148 AD2d 989; *see, Matter of Eva B.*, 160 AD2d 457). Once a movant meets this burden, the court must exercise sound judgment and weigh "the need of the party for the discovery to assist in the preparation of the case and any potential harm to the child from the discovery" (Family Ct Act § 1038 [d]; *see, Matter of Jessica R.*, 78 NY2d 1031). In child protective proceedings, the factors to be weighed may include, but are not limited to, the age of the child, the emotional and physical health of the child, the nature of the family relationship, the nature of the allegations at issue in the proceedings and the need of the respondent to obtain information from the child. In recognition of the emotional trauma or embarrassment that a child may experience in the discovery climate, Family Court Act § 1038 (d) provides for the issuance of a protective order limiting or precluding such depositions.

Here, the record does not manifest explanation or reasoning indicating that Family Court conducted the balancing of the need for the deposition and the potential harm to the child as required by Family Court Act § 1038. Under such circumstances, we conclude that Family Court's decision was deficient.

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.