Matter of Mercedes v Sanchez (2021 NY Slip Op 06287)





Matter of Mercedes v Sanchez


2021 NY Slip Op 06287


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


964 CAF 20-00083

[*1]IN THE MATTER OF ALBA M. MERCEDES, PETITIONER-RESPONDENT,
v
CARLOS M. SANCHEZ, RESPONDENT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.


 Appeal from an amended order of the Family Court, Erie County (Deanne M. Tripi, J.), entered December 5, 2019 in a proceeding pursuant to Family Court Act article 4. The amended order, among other things, reconfirmed the determination of the Support Magistrate. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Family Court Act article 4, alleging that respondent willfully failed to obey a prior order of child support. The Support Magistrate determined that respondent had willfully violated the order of child support and, inter alia, recommended committing him to jail for a period of 60 days. Family Court confirmed the finding of willful violation and committed respondent to jail as recommended. Respondent thereafter moved, inter alia, to vacate the court's order on the ground that it was entered at a time when the court's jurisdiction was suspended based on the pendency of respondent's application to remove the matter to federal court. The court denied the motion to vacate and also entered an amended order that, inter alia, "reconfirmed" the Support Magistrate's determination. Respondent appeals from the amended order, contending only that the court erred in denying his motion to vacate.
Preliminarily, we note that respondent's appeal from the amended order brings up for our review the propriety of the order denying his motion to vacate (see generally CPLR 5501 [a] [1]; Family Ct Act § 1118; Matter of Cheyenne C. [James M.], 185 AD3d 1517, 1518 [4th Dept 2020], lv denied 35 NY3d 917 [2020]; Matter of Clark v Ormiston, 101 AD3d 870, 870 [2d Dept 2012]). Nonetheless, we conclude that the appeal must be dismissed as moot (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]; Matter of Cullop v Miller, 173 AD3d 1652, 1652-1653 [4th Dept 2019]). Even assuming, arguendo, that the motion to vacate should have been granted, the amended order was entered after the denial of respondent's removal application, at a time when it is undisputed that the court had jurisdiction (see generally 28 USC § 1446 [d]; Railroad Co. v Koontz, 104 US 5, 16 [1881]; Matter of State of New York v Fuller, 31 AD2d 71, 72 [2d Dept 1968]), and therefore "any corrective measures which this Court might have taken with respect to the order [respondent sought to vacate] would have no practical effect" (Cullop, 173 AD3d at 1652-1653 [internal quotation marks omitted]). We further conclude that the exception to the mootness doctrine does not apply here (see generally Hearst Corp., 50 NY2d at 714-715).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court