In the Matter of the Application of JACOB GOULD SCHURMAN, JR., Petitioner, Appellant, to Review the Action of the Inspectors of the Primary Election of the Several Election Districts of the 23 Assembly Districts of the County and State of New York, and the Custodian's Records of the Primary Records of the County of New York, in Counting the Ballots Cast and the Canvassing and Recording of the Results of the Primary Election for Judge of the Court of General Sessions, County of New York, Held by the Democratic Party in the County of New York and State of New York, on the 19th Day of September, 1939; and/or

for an Order to Determine Any Questions Arising in Respect to the Protested Wholly Blank or Void Ballots; and/or

for an Order Permitting the Examination and Recanvassing of Any and All Ballots and the Preservation of the Same; and/or

for an Order Directing the Holding of a New Primary Election Pursuant to Section 330, and Section 333 of the Election Law, against JONAH J. GOLDSTEIN and JOHN A. MULLEN, as Candidates for Judges of the Court of General Sessions, the INSPECTORS OF ELECTION OF THE SEVERAL ELECTION DISTRICTS OF THE 23 ASSEMBLY DISTRICTS IN THE COUNTY AND STATE OF NEW YORK, S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, and the COUNTY BOARD OF CANVASSERS OF THE COUNTY OF NEW YORK, and ARCHIBALD R. WATSON, County Clerk of the County of New York, Respondents.

First Department, October 26, 1939.

*J. G. L. Molloy* of counsel [*Jacques W. Bacal* and *George B. Levy* with him on the brief], for the appellant.

*Alfred J. Talley* of counsel, for the respondent Jonah J. Goldstein.

*Russell Lord Tarbox* of counsel, for the respondent Board of Elections of the City of New York.

PER CURIAM. The petitioner moved before the Supreme Court for an order directing a recanvass of the ballots cast in the Democratic primary election held for the office of judge of the Court of General Sessions in the County of New York on September 19, 1939; and asked, among other relief, that if the court should conclude that, by reason of frauds and irregularities in connection with said primary election, it should become impossible to determine who was rightfully nominated, the court direct the holding of a new primary election.

The recanvass was duly had at Special Term in a proceeding wherein all the votes cast were re-examined and passed upon by the justice presiding. As a result of that recanvass the court

found that the respondent Goldstein had a plurality of 1,948 votes over petitioner. It found that there were some forgeries and irregularities in the primary election, but held that they were so few in number as not to affect the result of the election. It accordingly denied the relief sought with respect to the holding of a new primary election.

While petitioner appeals from the whole of the order made at Special Term, the relief which it urges is that the order of the court below be reversed and the petitioner's application for a new primary election in the whole county, or in certain Assembly districts thereof, be granted. Appellant indicates that he took exception below to the rulings of Special Term with respect to 1,833 disputed ballots which were held to be good votes for Goldstein, and 442 which were held to be void as to petitioner, but he points out no specific error in the rulings of Special Term with respect to these ballots.

The principal claim of error made is that Special Term erred in its ruling with respect to its failure to direct a new primary election.

While we agree with the appellant that the proof indicates fraudulent practices rather than mere irregularities in some instances, we think that Special Term was correct in holding that the proof failed to disclose that the alleged unlawful acts affected the general result of the primary election involved. The aggregate of the number of surplus ballots in the boxes, of alleged forgeriet of voters' signatures and of the claimed forgeries in marking of ballots, is less than the plurality found in respondent Goldstein's favor. Assuming that appellant's claims were correct as to all of these matters, the result would not be changed.

Unless the proof discloses that the unlawful acts complained of would have affected the general result of the primary election, a new election will not be directed. (*Matter of Coughlin*, 137 App. Div. 283; affd., 198 N. Y. 613.) The proof presented did not require Special Term to find that the election had been characterized by such frauds or irregularities as to render it impossible to determine who was rightfully nominated. (See Election Law, § 330.)

Under the circumstances, we are of the opinion that the application for a new primary election was properly denied.

The orders appealed from should be affirmed.

Present — MARTIN, P. J., TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ.

Orders unanimously affirmed.