De Forest C. Pitt, J.
This article 78 proceeding has been brought to set aside the determination of the respondent, Ewald B. Nyquist, as Acting Commissioner of Education, by which the *976 conduct and result of a special election held to approve the formation of a new central school district was determined to be proper.
Originally the results of this election showed that the proposition to merge succeeded by 894 affirmative votes to 890 negative votes, with 15 ballots void. Upon review by the Acting Commissioner of Education it was determined that 43 ballots were in fact void and that the proposition actually passed by a 12-vote margin.
It is now a familiar rule that decisions of the Commissioner of Education are final unless purely arbitrary. (Matter of Board of Educ. v. Allen, 6 N Y 2d 127.) With this rule in mind the court finds that the majority of the objections raised by the petitioners as to the manner in which the election was conducted and its results determined must fail. Notably, it cannot be held that the Commissioner was purely arbitrary in the manner in which he reviewed the ballots, or in his conclusion that section 1803-a of the Education Law was substantially complied with in regard to the required statement appearing upon the pages of the poll books. The same conclusion is reached in regard to the determination made upon the petitioners ’ contention that the Board of Education did not act as an election board as required by paragraph a of subdivision 4 of section 1803-a of the Education Law.
The court is concerned however with the contention that 13 illegal votes were cast at the election. With regard to this the petitioners submitted unrebutted proof by affidavit that on three occasions poll books and ballots were carried outside of the polling place to automobiles by members of the board of canvass to accommodate three separate voters, and further, that 10 additional votes were cast by persons not meeting the eligibility requirements of section 2012 of the Education Law. Upon this issue the decision of the Acting Commissioner states, 11 Appellants also claim that 13 illegal votes were cast. None of these voters were challenged and there is no evidence whether they voted for or against the proposition The court feels that the manner in which one voted cannot be determinative upon this question. It is felt that the same may be disposed of by reference to the case of Schreiner v. Allen (13 A D 2d 871, 872) where it is written: “ We know of no statutory provision or judicial decision tending to support the Commissioner’s contention that failure to challenge any unqualified voter in some way rendered the conduct of the election invulnerable to attack. We do find persuasive the fact that there is not the slightest suggestion in the record that any of the 26 or, indeed, any *977 of the others, were not qualified voters, or not so readily identifiable as to permit petitioners’ investigation of their status # ‘ a showing of the existence of opportunities to cast illegal or improper votes is not enough to invalidate an election; there must be a showing that illegal votes were actually cast. Otherwise, the presumption of regularity stands unrebutted. ’ ”
Here it is clear that there was more than a mere showing of an opportunity to cast illegal or improper votes. The presumption of regularity was thereby rebutted.
Accordingly, the petitioners may submit judgment for the relief prayed for.