■　In the Matter of THOMAS BOYES et al., Respondents, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Appellants. — STALEY, JR., J. Appeal from an order and judgment of the Supreme Court at Special Term, entered December 16, 1968 in Albany County in a proceeding under CPLR article 78, which annulled and vacated a determination of Ewald B. Nyquist, Acting Commissioner of Education, which upheld the validity of a school district merger election, and further directed that respondents void the school district merger election held on May 1, 1968. Pursuant to an order made by the Commissioner of Education a school district merger election was held on May 1, 1968 to determine whether or not the Ovid Central School District and the Interlaken Central School District should be merged into a new single central school district designated as Central School District No. 1 as laid out by order of the Commissioner. The election was held on that date and the results thereof, as reported by the appointed board of canvass, were as follows: Votes for the proposition, 894; votes against the proposition, 890; void ballots, 15; total votes, 1,799. Thereafter, the petitioners herein, residents and owners of taxable real property in the affected districts, appealed to the Commissioner of Education from the action taken at this election and from the conduct of the board of canvass in running the election. Petitioners asserted that the election was not timely called; that the board of canvass improperly acted as an election board at the voting place in Ovid in violation of the governing statutory procedures; that some persons voting did not sign a statement declaring that such person was a qualified voter in the district; that improper voting procedures were permitted in that books and ballots were carried outside the polling place and at least three ballots were illegally cast in this manner; and that at least 10 persons not qualified to vote were permitted to vote in the election. Upon review by the Acting Commissioner of Education the petition was dismissed, and he determined, on recounting the ballots, that 43 ballots were void and that the proposition had been approved by a vote of 884 in favor to 872 against. With respect to the contention of the petitioners that 10 allegedly unqualified voters had been permitted to vote and that three other voters had illegally

voted, the Acting Commissioner concluded that, since none of the alleged illegal voters had been challenged, and since there was no proof that their votes would have affected the result of the election, the election should not be set aside on that ground. We agree with Special Term that there was no showing of arbitrariness on the part of the Acting Commissioner in his determination that the manner in which the election was conducted was proper, and that the statutory requirements were substantially complied with and, therefore, the majority of the objections raised by the petitioners must fail. Special Term did find, however, that since there was proof submitted that 13 illegal votes were cast at the election, the presumption of regularity of the election was rebutted and, for that reason, the election should be held to be void and set aside, citing *Matter of Schreiner* v. *Allen* (13 A D 2d 871) which held in part that the failure to challenge any unqualified voter does not render the conduct of an election unvulnerable to attack. However, even assuming that the results show that 13 illegal votes were cast, regardless of the failure to challenge, unless there exists a probability that the results of the election would have been changed by the elimination of the illegal votes cast, the election will not be set aside. (*Matter of Badillo* v. *Santangelo,* 15 A D 2d 341; *Matter of Acevedo* v. *Power,* 18 N Y 2d 700; *Matter of Ippolito* v. *Power,* 22 N Y 2d 594.) In the *Badillo* case the margin of victory was 83 votes, while 90 invalid votes had been cast. The court there refused to set aside the election since it appeared unlikely that the loser received 83 of these votes. In the *Acevedo* case the margin of victory was 95 votes, while 103 ballots were challenged. Again, the court relied upon the probabilities and refused to set aside the election. In *Ippolito,* however, the margin of victory was 17 votes, while 101 votes were considered invalid. In view of the large number of irregularities there and the small margin of victory, the court considered the probabilities and voided the election. In the present case, the margin of victory was 12 votes while 13 of the ballots are questioned. In order for the result of the election to be changed, if these ballots are invalidated, it must be found that 12 of these 13 disputed votes were cast in favor of the formation of the central school district. In view of the large number of total votes cast (1,799) and the relatively small margin of victory, the only reasonable probable conclusion is that the results would not have been changed by eliminating the illegal votes cast. Petitioners have failed to prove that the unlawful acts complained of would have affected the result of the election. (*Matter of Schurman* v. *Goldstein,* 257 App. Div. 623.) " The record discloses the presence of various irregularities which were untainted by fraud. Conceivably, these irregularities could have affected the outcome, but in our opinion the probabilities repel this conclusion. Under such circumstances, the elections will not be overturned." (*Matter of Gross* v. *Thaler,* 18 A D 2d 716.) The determination of the Acting Commissioner that the results of the election as recounted by him approved the proposition and that the petition be dismissed, should be sustained. Judgment and order reversed, on the law and the facts, and petition dismissed, without costs. Gibson, P. J., Herlihy, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.; Aulisi, J., not voting. [59 Misc 2d 975.]