■ In the Matter of MARGARET S. HEALEY, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered August 22, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education. On September 14, 1976, petitioner requested that respondent Board of Education of Addison Central School District provide her three children who were attending a parochial school with school bus transportation. Her application was denied on the ground that there were insufficient funds in the school budget to provide the children with transportation, and this circumstance apparently resulted because petitioner's request was not timely filed with the board by the first day of April immediately preceding the school year in question as required by section 3635 of the Education Law. Subsequently, on November 29, 1976, petitioner sought review of the board's ruling by the Commissioner of Education pursuant to sections 310 and 3635 of the Education Law, and in a written decision dated February 7, 1977, the commissioner dismissed her appeal. Special Term thereafter confirmed the commissioner's decision by dismissing the instant petition, and the present appeal ensued. We hold that the judgment of Special Term should be affirmed. In accordance with the rules of practice relating to appeals to the Commissioner of Education, such appeals must be instituted within 30 days of the decision complained of and "The commissioner, in his sole discretion, may excuse [an untimely appeal] for good cause shown" (8 NYCRR 275.16). This requirement seems eminently fair and reasonable, and yet, petitioner admittedly neglected to bring her appeal to the commissioner until 76 days after the board's determination. Moreover, her only excuse for the delay was her alleged ignorance of the applicable rule of practice. Under these circumstances, the commissioner was clearly justified in concluding that good cause for the delay had not been shown, and, accordingly, he properly dismissed petition-

er's appeal. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.