■ In the Matter of MURIEL FORREST, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered June 16, 1982 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed petitioner's application to annul a decision of the Commissioner of Education which upheld her termination of employment by the Edgemont Union Free School District. Petitioner was employed by respondent Board of Education of the Edgemont Union Free School District (board) as a part-time school psychologist in June of 1967. In the 1976-1977 school year, the board began to express dissatisfaction with petitioner's performance as a school psychologist and, on May 8, 1979, the board terminated petitioner's employment, effective June 30, 1979. Petitioner appealed to the Commissioner of Education. The commissioner dismissed this appeal, finding that since petitioner was not tenured, she was subject to discretionary dismissal, and that she had not established that her termination was in retaliation for the exercise of constitutionally protected free speech. Upon review of the commissioner's decision, pursuant to CPLR article 78, Special Term agreed that petitioner was not tenured, but remanded the matter for a determination as to whether the board was neglecting its statutory duties to handicapped children, and, if so, whether this neglect resulted in terminating petitioner's employment for a constitutionally impermissible purpose. On remand, the commissioner found that an initial report had identified a need for some corrective measures concerning procedures for evaluation and placement of handicapped children, but that the board was in substantial compliance with legal requirements, and so was not neglecting its statutory duties to handicapped children. Furthermore, the commissioner determined that petitioner failed to demonstrate that exercising her right to free speech was a substantial factor in motivating the decision to dismiss her. The instant article 78 proceeding was then commenced. Special Term dismissed the proceeding and this appeal ensued. As a nontenured employee, petitioner was not entitled to continued employment, but she could not be dismissed as punishment for engaging in activities protected by the First Amendment (see *Perry v Sindermann,* 408 US 593, 597). In *Mount Healthy City Bd. of Educ. v Doyle* (429 US 274), the United States Supreme Court set forth a three-part test for determining whether an employee was dismissed for constitutionally impermissible reasons (*id.,* at p 287). First, the employee must establish that her conduct was constitutionally protected (*id.*). Next, the employee must show that this conduct was a substantial factor in the decision not to rehire her (*id.*). Finally, if the employee carries the above burden, then the board of education must show by a preponderance of the evidence that it would have dismissed the employee even in the absence of the protected speech (*id.*). Assuming, *arguendo,* that petitioner's conduct

was entitled to protection under the First Amendment, contrary to petitioner's argument, the record amply supports the commissioner's determination that petitioner failed to demonstrate that exercising her right to free speech was a substantial factor in motivating the decision to dismiss her. This being the case, there is no need to proceed to the third prong of the test set forth in *Mount Healthy*. In reaching this conclusion, we reject the suggestion by the *amicus curiae* that due process of law requires a *de novo* and independent judicial judgment of the law and facts. Rather, in an article 78 proceeding such as this, our scope of review is expressly limited by CPLR 7803 (see *Matter of Strongin v Nyquist*, 44 NY2d 943; *Matter of Pell v Board of Educ.*, 34 NY2d 222). And, we fail to perceive the necessity to invalidate the provisions of CPLR article 78 and expand our scope of review of an administrative determination (cf. *Mount St. Mary's Hosp. of Niagara Falls v Catherwood*, 26 NY2d 493). Petitioner next asserts that she was improperly denied a full evidentiary hearing on her claim. In this regard, the commissioner denied petitioner's request for a full evidentiary hearing and decided the instant case based upon affidavits, documentary evidence and oral argument. This, petitioner maintains, was insufficient as a full evidentiary hearing was required. We are unable to agree with this contention. Concededly, the claims raised by petitioner could have been litigated pursuant to CPLR article 78 without the necessity of taking an appeal to the commissioner (see, e.g., *Matter of Chambers v Board of Educ.*, 47 NY2d 279), or, in the first instance, in Federal Court pursuant to section 1983 of title 42 of the United States Code (see, e.g., *Monell v New York City Dept. of Social Servs.*, 436 US 658). Instead, petitioner chose to appeal to the commissioner pursuant to section 310 of the Education Law. In such proceedings, the jurisdiction of the commissioner is appellate in nature and there is no provision in the statute which requires the commissioner to hold a quasi-judicial hearing. In addition, the regulations which the commissioner has adopted pursuant to section 311 of the Education Law make no provision for the taking of testimony (8 NYCRR Parts 275, 276, 277). In fact, 8 NYCRR 276.2 (d) states, *inter alia*, that "[a]ll evidentiary material shall be presented by affidavit or by exhibits. No testimony is taken". We cannot find that the commissioner's denial of petitioner's request for a hearing was arbitrary or capricious, as the commissioner merely adhered to his own regulations. We note that the review process pursuant to those regulations has been upheld as legally proper and not violative of the constitutional right to due process (*Matter of O'Brien v Commissioner of Educ. of State of N. Y.*, 3 AD2d 321, mot for lv to app den 5 NY2d 707). Having elected to pursue an appeal to the commissioner, petitioner should not now be heard to complain when the published procedures for such appeal are adhered to (see *Matter of Gundrum v Ambach*, 55 NY2d 872; *Matter of Strongin v Nyquist*, 44 NY2d 943, 945, *supra*). Petitioner also suggests that Special Term erred by not conducting an evidentiary hearing. However, an evidentiary hearing before Special Term was not necessary to a resolution of the issues presented, since the record clearly reveals a rational basis for the commissioner's determination (*Matter of Strongin v Nyquist, supra; Matter of Young v State Bd. for Ophthalmic Dispensing, Div. of Professional Licensing Servs.*, 78 AD2d 709; *Matter of O'Brien v Commissioner of Educ. of State of N. Y., supra*, p 325). *Matter of Ellis v Allen* (4 AD2d 343, mot for lv to app den 4 NY2d 674) is not controlling for that decision was limited to its facts (*id.*, at p 345). Judgment affirmed, with one bill of costs to respondents. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.