■ In the Matter of ANNETTE CAPOBIANCO, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered February 20, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education vacating the results of a school board election and ordering that a new election be held.

This proceeding has its origin in a May 1, 1984 election for two positions on the Glen Cove City School District Board of Education (Board). Petitioner finished second by one vote over David Levine, the third candidate, who instituted a proceeding to have respondent Commissioner of Education vacate the election results due to alleged improprieties in the issuance and acceptance of absentee ballots in violation of Education Law § 2018-a. Finding that his determination might affect petitioner's rights as to the membership of the Board, the Commissioner issued an interim order, *sua sponte*, on August 6, 1984 directing Levine to add petitioner as a party to his proceeding, to serve her with copies of all pleadings and allow her 20 days in which to respond. In her answer, petitioner asserted, as affirmative defenses, that the proceeding against her should be dismissed for failure to have initially joined her as a party (8 NYCRR 275.8 [d]) and because the proceeding was not timely commenced against her (8 NYCRR 275.16). The Commissioner, holding that the joinder was proper (*see,* 8 NYCRR 275.1) and service on petitioner timely, vacated petitioner's election due to several violations of Education Law § 2018-a and ordered a new election to fill the vacancy on the Board. Petitioner instituted the instant CPLR article 78 proceeding to annul the determination. Special Term dismissed the petition, giving rise to this appeal.

Petitioner first argues that Special Term erred in its application of the more limited standard for judicial review set forth in Education Law § 2037* rather than the standard provided in Education Law § 310, which now incorporates the customary CPLR article 78 criteria (*see, Matter of Chauvel v*

---

* Education Law § 2037 provides, in pertinent part, that "[a]ll disputes concerning the validity of any * * * election * * * shall be referred to the commissioner of education for determination and his decisions * * * shall be final and not subject to review."

*Nyquist,* 43 NY2d 48, 52; *James v Board of Educ.,* 42 NY2d 357, 366; *Matter of Board of Higher Educ. v Allen,* 6 NY2d 127, 136).

Respondents acknowledge that essentially the same standard of review attends both Education Law §§ 310 and 2307, i.e., whether the determination is arbitrary and capricious or lacks a rational basis. In any event, the precise standard of review to be applied in this case need not be defined since examination of both the interim and final orders in question confirms their propriety under either standard. Since Levine had timely commenced his proceeding, which appeared to have merit, it was proper for the Commissioner to order petitioner joined as a party (8 NYCRR 275.1). In each of the cases cited by petitioner, where proceedings had been dismissed for nonjoinder of a necessary party, the Commissioner would also have dismissed the appeals upon the merits, making any ordered joinder without purpose. Since Levine's allegations of election improprieties concededly have merit and the avoidance of obviously irregular absentee ballots would change the election results, it cannot be said that the Commissioner acted arbitrarily, capriciously or illegally in directing petitioner's joinder, albeit after the expiration of the 30-day time limitation.

Finally, in view of the findings of absentee ballot violations, which clearly affected the final outcome of the election, the Commissioner's determination to compel a new election was appropriate and within the scope of his authority (Education Law § 2037).

Judgment affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.