■ In the Matter of ARNOLD DAVIS et al., Appellants, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.—Crew III, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered February 11, 1992 in Albany County, which, inter alia, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education dismissing as untimely petitioners' administrative appeal challenging the validity of a referendum approving a bond resolution of respondent Board of Education of the Roxbury Central School District.

On May 31, 1989, the voters of the Roxbury Central School District approved a referendum authorizing renovation of the only school building located in the district and the construction of a school bus garage. Petitioners thereafter commenced an action in the United States District Court for the Northern

District of New York challenging the vote and alleging violations of, *inter alia,* the 1st Amendment and Equal Protection Clause of the US Constitution. By judgment entered March 30, 1990, the court dismissed petitioners' Federal action on the merits without adjudicating the alleged State law violations. Petitioners then moved in District Court for and were granted an ex parte order extending their time to appeal to May 29, 1990.

On or about June 21, 1990, petitioners appealed to respondent Commissioner of Education contending, *inter alia,* that the vote violated the secret ballot provisions of Education Law § 2030 (2) and that school officials violated the Court of Appeals' decision in *Phillips v Maurer* (67 NY2d 672) by producing and distributing literature advocating adoption of the subject referendum. The Commissioner, *inter alia,* dismissed the appeal as untimely. Petitioners subsequently commenced this CPLR article 78 proceeding to review the Commissioner's determination. Supreme Court concluded that the Commissioner's determination that the administrative appeal was untimely because it was commenced 82 days after the Federal action was dismissed was not irrational and, accordingly, dismissed the petition. This appeal by petitioners followed.

We affirm. It is well settled that a determination made by the Commissioner without a hearing will be upheld on review unless it is arbitrary and capricious *(see generally, Catlin v Sobol,* 77 NY2d 552, 561; *Matter of Bevacqua v Sobol,* 176 AD2d 1, 3). The Commissioner's regulations provide, in pertinent part, that "[a]n appeal to the commissioner must be instituted within 30 days from the making of the decision or the performance of the act complained of. The commissioner, in his sole discretion, may excuse a failure to commence an appeal within the time specified for good cause shown" (8 NYCRR 275.16; *see, Matter of Healey v Nyquist,* 63 AD2d 1040; *Matter of Danin,* 32 Ed Dept Rep 20, 23). The reason for any delay in bringing the appeal must be set forth in the petition (8 NYCRR 275.16; *see, Matter of Gmelch,* 32 Ed Dept Rep 167, 169; *Matter of Antonio J.,* 32 Ed Dept Rep 96, 98). Additionally, "[a]n unsuccessful attempt to litigate a dispute in court which does not result in a final determination on the merits may be accepted as an excuse for failing to file a timely appeal to the Commissioner, when the appeal is commenced within a reasonable time after the dismissal or abandonment of the court proceeding" *(Matter of Schwarz,* 28 Ed Dept Rep 101, 103; *see, Matter of Martin,* 29 Ed Dept Rep 148, 150). As a general proposition, the Commissioner has determined that "a

reasonable time" is 30 days *(see, Matter of Buffalo Teachers Fedn.,* 23 Ed Dept Rep 230, 231; *Matter of Van Druff,* 21 Ed Dept Rep 635, 637; *see also, Matter of Martin, supra* [appeal commenced within one week of dismissal of CPLR article 78 proceeding]).

Here, petitioners' Federal action was dismissed on March 30, 1990 and we are unable to conclude that the Commissioner's determination that petitioners' time to commence an appeal to him began to run as of that date is arbitrary and capricious. Although petitioners contend that they did not "abandon" their Federal appeal until they allowed the May 29, 1990 deadline to pass, it is clear that no notice of appeal was actually filed and, hence, there was no appeal for petitioners to abandon, which distinguishes this case from those relied upon by petitioners *(see, Matter of Schwarz,* 28 Ed Dept Rep 101, 103, *supra; Matter of Law,* 12 Ed Dept Rep 224, 225).

Moreover, consideration of the matter on its merits convinces us that the petition would have to be dismissed in any event. With regard to the claim that the materials distributed by school officials improperly advocated adoption of the referendum in violation of the dictates of *Phillips v Maurer* (67 NY2d 672, *supra),* there is an utter lack of proof that the results of the election would have been different absent such material *(see, Matter of Zouky,* 32 Ed Dept Rep 239, 240; *see also, Matter of Boyes v Allen,* 32 AD2d 990, 991, *affd* 26 NY2d 709). With respect to the alleged violation of Education Law § 2030 (2) regarding secret ballots, petitioners have failed to demonstrate that they were prejudiced by the failure to *require* them to enter the available voting booth in order to complete the ballot *(see generally, Matter of Abel,* 10 Ed Dept Rep 160; *Matter of Shea,* 10 Ed Dept Rep 32). For all the foregoing reasons, the judgment must be affirmed.

Weiss, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed, without costs.