■ In the Matter of DAVID CRAWMER, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [657 NYS2d 533] —Mercure, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered June 3, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education denying petitioner's appeal challenging the validity of a referendum approving a bond resolution of respondent Board of Education of East Greenbush Central School District.

By a vote of 1,935 to 1,862 at an April 5, 1995 special election, the residents of the East Greenbush Central School District in Rensselaer County approved the issuance of up to $29,730,540 in bonds to fund various repairs and improvements at six schools throughout the District. Petitioner thereafter filed an appeal with respondent Commissioner of Education, claiming that respondent Board of Education of East Greenbush Central School District influenced the outcome of the vote with inaccurate and misleading information in three newsletters mailed to residents' homes. The Board of Education responded that the subject newsletters contained accurate information, were merely informational in nature and, as such, did not fall within the proscription of *Matter of Schulz v State of New York* (86 NY2d 225, *cert denied* 516 US 944). In his reply, petitioner raised several new allegations, claiming that the Board of Education concealed the true intended use of the bond money, that its informational meetings were open only to those who had been specifically invited and that the Board of Education offset the present debt service payments to reduce the bond's total cost to residents and used an incorrect interest rate to calculate the bond's total cost. The Commissioner dismissed petitioner's appeal, prompting this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner now appeals.

Initially, we agree with respondents that the Commissioner properly refused to address arguments that were first raised in petitioner's reply. Fundamentally, a reply is intended to re-

spond to new matter or defenses pleaded in the answer (8 NYCRR 275.14) and "not to buttress allegations in the petition or to belatedly add new assertions which should have been included in the petition" (*Appeal of Perry*, 36 Ed Dept Rep 141, 143). We also conclude that Supreme Court did not err in refusing to address arguments that had not been raised before the Commissioner (*see, Matter of Schulz v State of New York, supra*, at 232). Nor are we persuaded that Supreme Court erred in applying the arbitrary and capricious standard of review. Education Law § 2037 provides that: "All disputes concerning the validity of any district meeting or election * * * shall be referred to the commissioner of education for determination and his decisions in the matter shall be final and not subject to review." In cases such as this where this Court must review the Commissioner's decision under Education Law § 2037, the proper standard is whether the determination was arbitrary, capricious or irrational (*see, Matter of Capobianco v Ambach*, 112 AD2d 640, 640-641; *see also, Matter of Board of Educ. v Sobol*, 210 AD2d 675; *Matter of Connor v Deer Park Union Free School Dist.*, 195 AD2d 216, 219). Accordingly, petitioner's demand for de novo review was properly rejected.

Addressing such of petitioner's contentions as were properly raised at the administrative level, we conclude that the Commissioner was not arbitrary, capricious or irrational in his determination that the Board of Education's newsletters did not improperly advocate for the passage of the bond issue and that petitioner failed to establish either that the Board's published cost figures were inaccurate or that the claimed irregularities likely affected the outcome of the election (*see, Matter of Davis v Commissioner of Educ. of State of N. Y.*, 189 AD2d 1046, 1048). Indeed, petitioner did not introduce any evidence that the voters would have rejected the issuance of the bonds if the Board had not distributed the newsletter, and the Board opposed the administrative petition with financial data that provided ample justification for its publicized cost figures. In addition, under the standards set forth in *Matter of Schulz v State of New York* (*supra*) and *Matter of Phillips v Maurer* (67 NY2d 672), we are not persuaded that the newsletters urged the voters to endorse the bond issue. Rather, the materials merely explained why the Board favored bonded indebtedness over a straight tax increase as a financing mechanism, where deficiencies existed in the school structures and how the bond money would help rectify the problems.

Petitioner's remaining contentions have been considered and also found unavailing.

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.