OPINION OF THE COURT
Dan Lamont, J.
*106 Petitioner, Education Alternatives, Inc., brings this CPLR article 78 proceeding seeking a judgment: (1) annulling the determination of the respondent, Richard P. Mills, as Commissioner of the New York State Department of Education dated April 21, 1997 enjoining the Wappingers Central School District from disbursing any funds pursuant to a contract with Education Alternatives, Inc.; and (2) finding that the proposed expenditure of funds to petitioner Education Alternatives, Inc. by the Wappingers Central School District (District) constituted an ordinary contingent expense under Education Law § 2023. Petitioner contends that the respondent Commissioner’s determination: (1) was in violation of lawful procedure for failing to dismiss the administrative appeal for failure of the minority board members to join the petitioner herein as a party below; and (2) was arbitrary, capricious, and affected by an error of law.
The respondents have filed an answer raising the following objection in point of law: namely, the petitioner has waived its claim with reference to the failure of the minority board members to join petitioner initially as a party to the administrative appeal by failing to raise this objection administratively. Respondent Commissioner further contends that his determination was made in accordance with all applicable law and regulations, and is supported by a rational basis.
BACKGROUND
On or about May 17, 1995, a Wappingers Central School District proposed budget for the 1995-1996 school year in the amount of $101,400,927 was presented for public referendum. The budget was defeated in a lawfully conducted vote. On or about August 25,1996, a second proposed budget in the amount of $90,563,920 was presented for public referendum. This budget was also defeated in a lawfully conducted vote. On August 30, 1995, the Wappingers Central School District Board (Board) voted a contingency budget for the 1995-1996 school year in the amount of $98,290,279.
On November 13, 1995, the Board directed the Superintendent of Schools to prepare a budget for the 1996-1997 school year which would not exceed $95 million—excluding cocurricular, interscholastic sports. On or about December 22, 1995, the Superintendent provided the Board with a $95 million budget, but expressed that neither he nor his staff would recommend the $95 million budget. The petitioner has compiled a lengthy list of the negative impacts such a budget would have had *107 upon the educational programs, the health and safety of students, and the over-all operating efficiency of the District. The Superintendent subsequently provided the Board with a tentative 1996-1997 school year budget in the amount of $99,090,323.
On January 2, 1996, the District promulgated a request for proposal (RFP) which requested financial management consulting services to develop a $95 million budget without the negative impacts associated with the Superintendent’s $95 million budget. On February 12, 1996, the nine member Board voted 5-4 to hire the petitioner Education Alternatives, Inc. (EAI) as the consultant to perform the requested services for a flat $100,000 fee, and subsequently entered into a contract with EAI.
On or about February 28, 1996, the four board members who voted against hiring EAI (minority board members) filed an administrative appeal to the Commissioner of Education challenging the expenditure of funds as unauthorized under a contingency budget. A total of four appeals were filed challenging the contract with EAI—which four appeals were consolidated by the Commissioner. The District argued that the $100,000 expenditure was an ordinary expense under a contingency budget and that the administrative appeals should be dismissed for failure to join EAI as the successful bidder on the contract.
On March 19, 1996, Thomas E. Sheldon, the Acting Commissioner, granted a stay directing the school board to cease expending any funds or incurring any liability under the proposed contract pending the administrative appeal. On March 20, 1996, Ms. Sharon Reid, State Education Department Appeals Coordinator, directed the minority board members to join EAI as a party to the appeal. The minority board members so amended their petition, and EAI thereafter appeared by filing an answer and a memorandum of law.
On April 27, 1996, respondent Mills enjoined the Board from expending or disbursing any funds pursuant to the contract with EAI.
The petitioner, EAI, thereafter commenced the instant article 78 proceeding.
WAIVER OF CLAIM FOR FAILURE TO RAISE ADMINISTRATIVELY
The respondent contends: (1) that the petitioner herein was put on notice that it was not initially joined in the administra *108 tive appeal; and (2) that the petitioner herein did not raise the issue of improper joinder administratively; therefore, the petitioner herein should not be allowed to raise the joinder issue in this article 78 proceeding for the first time.
The court has reviewed the petitioner’s administrative answer and accompanying memorandum of law and specifically finds that the petitioner did sufficiently preserve his objection of improper joinder. Accordingly, this court holds and determines that the petitioner has not waived a claim of improper joinder.
JOINDER OF EAI UPON ADMINISTRATIVE APPEAL
Section 275.1 of the Regulations of the Department of Education (8 NYCRR 275.1) provides as follows: "The party commencing an appeal shall be known as petitioner or appellant and any adverse party, as respondent. After an appeal is commenced in accordance with these rules, no party shall be joined or be permitted to intervene, except by leave or direction of the Commissioner of Education.” (Emphasis supplied.)
The initial administrative appeal was commenced on February 29, 1996—without EAI as a named party. The Acting Commissioner granted the administrative petitioners a stay on March 19, 1996. Thereafter, on March 20, 1996, the Appeals Coordinator for the Department of Education pursuant to 8 NYCRR 275.1 directed the administrative petitioners to join EAI as a respondent and to so amend the caption in the appeal to the Commissioner. The administrative petitioners were also directed to serve copies of all papers submitted "thus far” upon EAI. The Commissioner subsequently affirmed the stay and upheld the joinder.
The petitioner herein contends that Commissioner Mills arbitrarily departed from administrative precedent by directing EAI’s joinder and by not dismissing the administrative appeal. The petitioner cites the court to multiple reported determinations of the Commissioner of Education which have dismissed appeals when a necessary party had not been joined therein. The respondents contend that 11 out of the 12 determinations cited by the petitioner were also dismissed on other grounds such as mootness or lack of authority, or were meritless, and also cite several determinations wherein the Commissioner directed joinder (see, Matter of Capobianco v Ambach, 112 AD2d 640 [3d Dept 1985]; see also, Matter of Harris, 35 Educ Dept Rep 478 [1996]; Matter of Heller, 34 Educ Dept Rep 220 [1994]; Matter of Nettles, 31 Educ Dept Rep 431 [1992]).
*109 Upon reviewing these cases, this court holds and determines that the respondent did not depart from prior agency precedent in allowing joinder in the administrative appeal giving rise to the instant proceeding. Petitioner’s contention that 8 NYCRR 275.1 is inapplicable and does not authorize the Commissioner to direct joinder because the minority board members did not commence an appeal "in accordance with these rules” due to their failure to have initially joined petitioner herein in their administrative appeal is patently without merit. The interpretation of 8 NYCRR 275.1 suggested by the petitioner herein would severely limit the applicability of that section.
This court further holds and' determines that respondent Mill’s determination directing the joinder of EAI for the administrative appeal was not arbitrary, capricious or in violation of lawful procedure (see, Matter of Pell v Board of Educ., 34 NY2d 222 [1974]). Significantly, EAI (the petitioner herein) appeared in the administrative appeal by filing an answer and a memorandum of law, and thus was afforded basic due process—notice and an opportunity to be heard—upon the administrative appeal to the Commissioner.
NONCONTINGENT EXPENSE DETERMINATION
The principal issue before the court is whether a contract entered into by the Board for financial management consulting services requiring the expenditure of $100,000 is authorized under a contingency budget as an "ordinary contingent expense”. As stated previously, the District was operating under a contingency budget during the 1995-1996 school year after having two proposed budgets defeated in lawfully conducted votes. Thereafter, the Board requested the Superintendent to prepare a tentative $95 million budget for the 1996-1997 school year. The Superintendent provided a tentative $95 million budget which he would not recommend because it cut many services, and thereafter provided the Board with an approximately $99 million tentative budget. The Board did not accept either budget. The Board thereafter voted 5-4 to hire petitioner as an outside consultant to provide a reasonable proposed $95 million budget which would maintain educational programs, protect district property, and assure the health and safety of students and staff.
Education Law § 2023 (1) states: "If the qualified voters shall neglect or refuse to vote the sum estimated necessary for teachers’ salaries, after applying thereto the public school moneys, *110 and other moneys received or to be received for that purpose, or if they shall neglect or refuse to vote the sum estimated necessary for ordinary contingent expenses including the purchase of library books and other instructional materials associated with a library, the sole trustee, board of trustees, or board of education may levy a tax for the same, in like manner as if the same had been voted by the qualified voters.” (Emphasis supplied.)
The responsibility for determining what constitutes an ordinary contingent expense lies in the first instance with the board of education. However, when the issue is contested, the Commissioner of Education determines whether an expense is an ordinary contingent expense. The general standard by which contingent expense determinations are judged is that an expense may be considered contingent if there is a legal obligation of the district or if it is necessary to maintain the educational program, preserve property, or assure the health and safety of the students and staff (Matter of Nolan, 35 Educ Dept Rep 139 [1995], citing Formal Opinion of Counsel No. 213, 7 Educ Dept Rep 153 [1967]; see also, Matter of Parsons, 32 Educ Dept Rep 444 [1993]).
The Commissioner determined that the financial consulting services to be provided by petitioner (i.e., the preparation of the proposed 1996-1997 school budget) did not meet such standard to qualify as an ordinary contingent expense. In making this determination, the Commissioner relied upon the following: (1) the Superintendent and his staff are obligated to prepare the school district’s budget; (2) the Board did not work with the Superintendent to resolve the budget problems before hiring the petitioner; and (3) in hiring the petitioner, the Board would be paying both the Superintendent’s staff and the petitioner for the same service under a contingency budget (an unnecessary "redundant expense”). The respondent Commissioner stated: "It is improper for a board of education to require the district’s taxpayers to pay twice for the same service while operating under a contingency budget.” (Matter of Shravah, 36 Educ Dept Rep 396, 403 [1997].)
This court holds and determines that the Commissioner’s determination based upon the foregoing factors was reasonable and rational. The determination of respondent Commissioner was not in violation of lawful procedure, and was not arbitrary, capricious or an abuse of discretion, or affected by an error of law (see, Matter of Shurgin v Ambach, 56 NY2d 700 [1982]; Matter of Pell v Board of Educ., supra).
*111 CONCLUSION
This court holds and determines that the petition herein should be and the same is hereby dismissed on the merits, with costs to the respondents, and the relief requested therein is in all respects denied.