■ In the Matter of COLLEEN AKSHAR, Appellant, v RICHARD MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [671 NYS2d 856] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered December 6, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education dismissing petitioner's challenge to certain actions taken by respondent Afton Central School Board of Education with respect to an AIDS peer education program.

On November 10, 1994, several Afton Central School District high school students, who had recently received training as AIDS "peer educators", presented information about AIDS prevention to sixth through eighth grade students—among them, petitioner's daughter—during English classes at the

District middle school. After observing one of these presentations, petitioner complained to the District Superintendent and the middle school principal that it had contained sexually explicit material, which she found inappropriate for children of middle school age, and had failed to stress the importance of abstinence and the dangers associated with engaging in high-risk behavior. Other parents joined petitioner in objecting to the "peer education" program and, as a result, on December 7, 1994 respondent Afton Central School Board of Education (hereinafter the Board) passed a resolution declaring that these "peer education" presentations were no longer to be made during regular school hours, but that they could continue as an after-school activity in which students would be allowed to participate, but only with parental permission. In addition, the Board resolved that a health advisory council would be convened in the spring and that all parental requests to have their children removed from health classes in which AIDS education was conducted pursuant to the State-mandated curriculum would be honored.

Unsatisfied, petitioner appealed to respondent Commissioner of Education on January 6, 1995. Her requests for a formal hearing and oral argument were rejected and the Commissioner, in his decision denying petitioner's appeal, noted that portions of her reply papers had been disregarded because they went beyond the permissible scope of a reply. In addition, the Commissioner dismissed any claims arising out of the November 10, 1994 presentations as untimely and found that petitioner lacked standing to contest most aspects of the Board's resolution because, given the requirement of parental approval for further involvement in the peer education program, she had not demonstrated how she was aggrieved thereby. He also found no impropriety in the directive that an advisory council be reestablished to begin work the following March or April, and no basis for the removal of the Superintendent or the members of the Board.

Petitioner then commenced this CPLR article 78 proceeding challenging the Commissioner's determination. Supreme Court found no error in the Commissioner's rulings, and this appeal ensued.

There is no force to petitioner's contention that the Commissioner's refusal to conduct a formal hearing or to allow oral argument on her appeal (or his failure to consider all of the materials she submitted in response to the Board's answering papers) deprived her of due process. Petitioner was entitled to neither a formal, evidentiary hearing (*see, Matter of Forrest v*

*Ambach,* 93 AD2d 965, 966, *appeal dismissed* 60 NY2d 701; *see also,* 8 NYCRR 276.2 [d]) nor an opportunity to argue before the Commissioner; whether to afford argument is a matter within the Commissioner's sole discretion (*see,* 8 NYCRR 276.2 [b]). As there is no statutory requirement that a formal hearing be conducted, due process mandates only that petitioner be accorded "an opportunity 'to be heard' " (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 757) and to submit evidence supporting her position, and that opportunity was provided.

Petitioner's assertion that she was entitled to a trial in connection with this CPLR article 78 proceeding (*see,* CPLR 7804 [h]) also lacks merit. The issues raised in the petition do not present triable questions of fact, but rather involve legal matters which could be resolved by Supreme Court on the record before it (*see, Matter of Forrest v Ambach, supra,* at 966).

Nor can it be said that the Commissioner acted arbitrarily or capriciously in finding time barred those of petitioner's claims that arose from the events of November 10 through 14, 1994. The pertinent regulation allows an aggrieved party 30 days from the "act complained of" to appeal (8 NYCRR 275.16), and there is no basis for concluding that the Commissioner improperly declined to excuse petitioner's failure to press her claims in a timely manner (*see, Matter of Davis v Commissioner of Educ.,* 189 AD2d 1046, 1047).

As for the Commissioner's finding that petitioner was without standing to challenge the December 7, 1994 resolution—with the exception of so much thereof as relates to the reestablishment of the advisory council—we, like Supreme Court, find no error or abuse of discretion (*cf., Matter of O'Connor v Sobol,* 173 AD2d 74, 77-78, *appeal dismissed* 80 NY2d 897). Moreover, petitioner's claim that the formation of the council was unduly delayed also lacks substance. On this issue of standing, it is also worth noting that if the council has indeed been established as scheduled, then this issue is now moot. We have considered the remainder of petitioner's contentions, and are not persuaded that they provide any basis for overturning Supreme Court's judgment.

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.