OPINION OF THE COURT
George L. Cobb, J.
Petitioners have commenced a CPLR article 78 proceeding challenging a determination of respondent Commissioner of the New York State Education Department which found numerous improprieties by respondent Croton-Harmon School District and Marjorie Castro, as superintendent of schools, with respect to a referendum on a bond issue for the expansion *488 and renovation of all of the school district’s schools. The standard of review on the instant proceeding is whether the determination of respondent Commissioner is arbitrary and capricious or irrational (Matter of Crawmer v Mills, 239 AD2d 844), and petitioners have the burden of establishing that the determination violated such standard. In addition, on the administrative appeal to respondent Commissioner, petitioners had the burden of establishing the improprieties engaged in by the school district respondents and to show that the claimed irregularities affected the outcome of the election (Matter of Crawmer v Mills, supra; Matter of Davis v Commissioner of Educ. of State of N.Y., 189 AD2d 1046).
Petitioners contend that respondent Commissioner should have found additional improprieties in various publications issued by the school district and in the conduct of the superintendent of schools with respect to various “coffee meetings.” It does not appear, however, that petitioners offered any proof to respondent Commissioner that any of the “coffee meetings” were actually closed or private or that any persons were excluded from such meetings and there has been no proof of the actual content of such meetings. Respondent Commissioner also did not find any impropriety with respect to expressions of opinion contained in the publications of the school district, including characterizations of the bond issue as “critical initiative,” “building our children’s future,” “better,” “stronger,” “necessities — not luxuries,” statements that the bond issue would have a direct impact upon real property values and quotations from probond supporters which clearly advocate passage of the bond. The Commissioner’s findings that such statements do not constitute impermissible advocacy are inconsistent with prior decisions, such as Appeal of Miller (39 Ed Dept Rep 348 [Decision No. 14,256]), Appeal of Meyer (38 Ed Dept Rep 285 [Decision No. 14,034]), and Appeal of Schadtle (38 Ed Dept Rep 599 [Decision No. 14,102]). However, a finding of impropriety with respect to such statements would not materially alter the Commissioner’s determination which found numerous improprieties with respect to other conduct of school district respondents and would not give rise to any specific sanctions.
In addition, petitioners contend that respondent Commissioner should have overturned the results of the election and required a new election, contending that the standard of review utilized by respondent Commissioner was erroneous, arbitrary and capricious. The Commissioner held that petitioners were *489 required to submit proof that the violations and improprieties actually affected the outcome of the election and that such proof must consist of affidavits of voters who would have voted against the bond issue but for the improper advocacy. Such standard has been uniformly applied by the respondent Commissioner and his predecessors for many years (see Appeal of Christe, 40 Ed Dept Rep — [Decision No. 14,514]; Appeal of Boni, 40 Ed Dept Rep — [Decision No. 14,483]; Appeal of Leman, 38 Ed Dept Rep 683 [Decision No. 14,117]; Appeal of Lawson, 38 Ed Dept Rep 713 [Decision No. 14,124]; Appeal of Meyer, 38 Ed Dept Rep 285 [Decision No. 14,034]; Appeal of Gravink, 37 Ed Dept Rep 393 [Decision No. 13,888]; Appeal of Bayer, 35 Ed Dept Rep 333 [Decision No. 13,561]; Appeal of Crook, 35 Ed Dept Rep 546 [Decision No. 13,628]; Appeal of Mandell, 35 Ed Dept Rep 538 [Decision No. 13,625]; Appeal of Bach, 32 Ed Dept Rep 273 [Decision No. 12,828]; Appeal of Hable, 30 Ed Dept Rep 73 [Decision No. 12,395]). Moreover, such standard has been approved by the courts (Matter of Crawmer v Mills, 239 AD2d 844, supra; Matter of Davis v Commissioner of Educ. of State of N.Y., 189 AD2d 1046, supra). Petitioners contend that such standard imposes a near impossible burden. However, such burden appears appropriate when a small number of persons attempt to set aside the results of an election which was presumed accurately to establish the will of the voters.
It is therefore determined that petitioners have failed to show that the determination of respondent Mills to uphold the election was arbitrary or capricious or irrational. While the results of the election were extremely close with the bond issue passing by only nine votes, petitioners only submitted two voter affidavits. The affidavit of Laura Seitz states that had it not been for the advocacy of the school board and the literature, she would have voted against the bond. She does not specify which advocacy she found persuasive and respondent Commissioner should not be required to presume that Ms. Seitz applied the correct test as to what advocacy was impermissible. Petitioners also submitted an affidavit of one Joann Minett who stated that she voted for the bond because no other plan was available. No specific improprieties were set forth and there does not appear to be any requirement that a board of education provide several alternatives to the electorate. In any event, the number of affidavits submitted is insufficient. Petitioners therefore have clearly failed to show that any improprieties actually affected the outcome of the vote.
*490 It is further determined that under the context of this case, any errors of the respondent Commissioner were de minimis and would not give rise to any further relief to petitioners. Petitioners’ claims of a right to a hearing are without merit (Matter of Akshar v Mills, 249 AD2d 786). Accordingly, the instant article 78 proceeding is hereby dismissed.