■ In the Matter of MICHAEL PARIETTI et al., Respondents, v TOWN OF RAMAPO et al., Appellants. [12 NYS3d 253]—

In a proceeding pursuant to Election Law article 16, in effect, inter alia, for judicial inspection of absentee ballots and affidavit ballots cast in connection with a special election that was conducted on September 30, 2014, pursuant to Town Law § 81 to determine certain propositions, the Town of Ramapo and Christian G. Sampson, in his capacity as Ramapo Town Clerk, appeal from a final order of the Supreme Court, Rockland County (Garvey, J.), dated October 7, 2014, which granted the petition to the extent of inspecting the instructions and notices on the absentee ballot applications and thereupon, inter alia, directed that the ballots not be counted, invalidated the subject special election, and directed that a new special election be conducted.

Ordered that the final order is reversed, on the law, with costs, that branch of the petition which sought inspection of the instructions and notices on the absentee ballot applications is denied, and the proceeding is dismissed.

In September 2012, the petitioners filed a referendum petition with the appellant Town of Ramapo seeking to compel the Town to conduct a referendum pursuant to Town Law § 81 (2) on propositions to increase the number of Town council members from four to six, and to establish a ward system for the election of Town council members (*see generally Matter of Parietti v Sampson*, 117 AD3d 830 [2014]). On August 21, 2014, the Town Board adopted Resolution 2014-357, in which it

resolved to hold a special election with respect to the two propositions on September 30, 2014.

On the date of the special election, the petitioners commenced the instant proceeding pursuant to Election Law article 16, alleging various irregularities, inter alia, in the notices and instructions pertaining to the absentee ballots and affidavit ballots, and requesting judicial inspection of those ballots.

The same day, the Supreme Court issued a temporary restraining order directing the Town to preserve all ballots and prohibiting it from canvassing the ballots or announcing any results. Thereafter, on October 7, 2014, the court issued a final order granting the petition to the extent of inspecting the language on the subject absentee ballot applications, and determining that there were certain irregularities in the instructions. Further, while recognizing that the petitioners had not requested this relief in their petition, the court thereupon invalidated the special election, directed that the ballots not be counted and the results of the special election not be announced, ordered the destruction of all ballots, and directed the Town to conduct a new special election. The court temporarily stayed the destruction of the ballots to afford the appellants an opportunity to appeal and seek a stay pending appeal. By decision and order on motion of this Court dated November 3, 2014, we directed that all ballots, voting records, and election materials relating to the subject special election be preserved pending the hearing and determination of this appeal.

At the outset, we agree with the appellants that the Supreme Court did not have authority, under the Election Law, to invalidate a special town election conducted pursuant to Town Law § 81 (2) (*see Matter of Rettaliata-Tepe v Katz*, 46 AD3d 850, 852 [2007]; *Moses v Lee*, 44 AD2d 829 [1974]). Moreover, contrary to the allegation in the petition, Election Law § 16-112 does not provide authority for the court to inspect absentee ballot applications with respect to a special town election such as this.

The authority to invalidate the special election may be exercised by the court in the context of a hybrid proceeding pursuant to CPLR article 78 to review a determination made by the Town based on the results of the referendum and action for a declaratory judgment (*compare Matter of Boyes v Allen*, 32 AD2d 990 [1969], *affd* 26 NY2d 709 [1970], *with Matter of Delgado v Sunderland*, 97 NY2d 420 [2002]). However, the petitioners did not commence such a hybrid proceeding/action, the Supreme Court did not convert this Election Law proceeding, and we decline to do so. Under the circumstances pre-

sented here, such a hybrid proceeding/action would be premature at this juncture, as the appropriate officials have not yet canvassed the vote and determined the results of the special election pursuant to the Election Law and the Town Law. Until such a determination is made, we cannot ascertain whether the petitioners have been aggrieved, or whether the alleged irregularities in the electoral process had any impact on the outcome of the election (*see Matter of Boyes v Allen*, 32 AD2d at 990-991; *see also Matter of Davis v Commissioner of Educ. of State of N.Y.*, 189 AD2d 1046, 1048 [1993]).

Accordingly, the Supreme Court should not have granted the petition to the extent of inspecting the instructions and notices on the absentee ballot applications and thereupon, inter alia, directed that the ballots not be counted, invalidated the subject special election, and directed that a new special election be conducted. Instead, it should have denied that branch of the petition which sought inspection of the instructions and notices on the absentee ballot applications, dismissed the proceeding, and permitted the appropriate officials to canvass the ballots in accordance with the procedures articulated in the Election Law and the Town Law.

In light of our determination, we need not address the parties' remaining contentions. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.