Appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Margaret Garvey, J.), dated September 30, 2015. The order and judgment, in effect, denied the petition pursuant to CPLR article 78 to review a determination certifying the results of a special election, denied that branch of the motion of the petitioners/plaintiffs which was, in effect, for summary judgment declaring the certification invalid and, in effect, denied the petition and dismissed the proceeding/action.
 

 Ordered that the appeal by the petitioner/plaintiff Deborah Seidman-Munitz is dismissed as abandoned (see 22 NYCRR 670.8); and it is further,
 

 Ordered that the order and judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing the complaint, and adding thereto a provision declaring that the certification of the results of the special election is valid; as so modified, the order and judgment is affirmed on the appeal by the petitioners/plaintiffs Michael Parietti and Robert Ro-manowski, without costs or disbursements.
 

 On August 21, 2014, the Town Board of the Town of Ramapo adopted a resolution in which it resolved to hold a special election on September 30, 2014, with respect to two propositions. The special election took place on that date and, after some litigation (see Matter of Parietti v Town of Ramapo, 129 AD3d 1088, 1089 [2015]), the votes were canvassed. It was determined that neither proposition was passed by the Town voters and, on September 4, 2015, the Town Clerk certified the special election results.
 

 On September 11, 2015, the petitioners/plaintiffs commenced this hybrid CPLR article 78 proceeding/action for declaratory relief, alleging that various irregularities and/or misconduct by the Town and the Town Clerk in conducting the special election rendered the process so flawed that the certification of the special election must be invalidated. By order to show cause dated September 14, 2015, the petitioners/plaintiffs moved, in effect, for, inter alia, summary judgment declaring the certification invalid. In an order and judgment dated September 30, 2015, the Supreme Court denied the motion and, in effect, denied the petition and dismissed the proceeding/action. The petitioners/plaintiffs Michael Parietti and Robert Romanowski (hereinafter together the petitioners) appeal.
 

 Contrary to the petitioners’ contentions, the Supreme Court properly concluded that they failed to present proof that the alleged irregularities and/or misconduct by the Town in conducting the special election had any impact on the outcome (see Matter of Boyes v Allen, 32 AD2d 990, 990-991 [1969], affd 26 NY2d 709 [1970]; see also Matter of Davis v Commissioner of Educ. of State of N.Y., 189 AD2d 1046, 1048 [1993]).
 

 The petitioners’ remaining contentions are either not properly before this Court or without merit.
 

 We note that since this is, in part, a declaratory judgment action, the order and judgment must contain the appropriate declaration that the certification of the results of the special election is valid (see Lanza v Wagner, 11 NY2d 317, 334 [1962]).
 

 Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.